Selma D. Aberlin, Respondent, *v.* Isadore J. Aberlin, Appellant.

First Department, April 9, 1957.

Dora Aberlin for appellant.

Alfred Weinstein of counsel (Seymour B. Quel with him on the brief; Peter Campbell Brown, Corporation Counsel, attorney), for respondent.

BREITEL, J. P. This proceeding arises under the Uniform Support of Dependents Law (L. 1949, ch. 807, as last amd. by L. 1956, ch. 150).

Respondent father, in these statutory proceedings, appeals from an order, denominated a temporary order, requiring him to pay $25 per week for the support of his now 12-year-old daughter by his divorced wife. He also appeals from the order denying his motion to vacate the so-called " temporary " order.

The proceedings were instituted in Massachusetts by the mother, one time an inmate of a State mental institution in Massachusetts, to obtain support for the child, who resides with the mother's sister and brother-in-law, residents of Massachusetts. A divorce decree, obtained in Massachusetts by the mother, awarded the custody of the child to the mother.

The order granting support in these proceedings was made before the completion of interrogatories, provided for in the statute, and for which respondent father had applied. The order was so granted and described as temporary by the court, because of the delay consequent to the many questions raised in these proceedings involving the validity of the Massachusetts decree of divorce awarding custody to the mother and the lawfulness of the custody of the child presently with its aunt and uncle in Massachusetts. Indeed, there have been several appeals and bitter litigation arising out of the complex of facts. (See, e.g., Matter of Anonymous, 2 A D 2d 674.) The dispute is not over the duty or quantum of support, but on the right to custody. It is claimed, for example, that the child was spirited away from the custody of the father in New York by the brother-in-law. A grave question is also raised as to the present mental competency of the mother. In addition, the Massachusetts decree awarding custody has been relitigated in Massachusetts by the father, but unsuccessfully. With these questions this court has no concern, except insofar as they explain the unusual delay in bringing these proceedings to a head, and in providing the background for the court's action below in granting the order for support on a " temporary " basis.

The reason for the incompletion of the interrogatories is the alleged refusal of the mother to answer and return the interrogatories.

The order should be reversed and the proceedings remanded to the Domestic Relations Court for further action.

The Uniform Support of Dependents Law is of an unusual character in our jurisprudence. It provides a special statutory procedure which dispenses with the usual hearing with physical confrontation of parties and witnesses. Instead, the proceedings are conducted by pleadings exchanged between comparable courts in two States, and by the exchange of interrogatories for the purpose of eliciting evidence. The constitutionality of the statute has been established in the State's highest court (*Landes* v. *Landes*, 1 N Y 2d 358).

The first question now involved is the appealability of the orders from which respondent brings this appeal. Section 58 of the New York City Domestic Relations Court Act provides for appeal only from final orders. Section 6-a of the Uniform Support of Dependents Law grants to a respondent in the statutory proceedings the same right of appeal as in civil proceedings or actions brought in the same court. Consequently, only if the orders challenged here are final does appeal lie to this court.

While the first order in question, granting support, is denominated as "temporary", the description is not controlling. Actually, the description of the order as "temporary" arises only because of the use of the symbol "T", representing a single adjective, indorsed on the back of the papers, in the manner of the informal procedure which is used in the Domestic Relations Court. The effect of the order was to grant the final relief which is the only relief available in a statutory proceeding. What was temporary about it was that the court, because the proceedings had not been completed, wished to indicate that the order was subject to future vacatur or modification. That an order is subject to modification or vacatur does not, alone, make it nonfinal. If the court wished to enter a temporary order, in the sense of an intermediate support order, nevertheless, it had no power to do so under the Uniform Support of Dependents Law. The fact that under section 129 of the Domestic Relations Court Act the court has power to grant temporary orders for support pending final determination is of no avail in the statutory proceedings. It is quite clear from a reading of section 129 that it applies to actions and proceedings provided for in the Domestic Relations Court Act. (See, also, " *Vincenza* " v. " *Vincenza* ", 197 Misc. 1027, 1032.)

There is no similar provision in the Uniform Support of Dependents Law. Moreover, as a matter of policy, the distinction has cogent application. The unusual way in which the statutory proceedings are conducted means that the proof and opportunity for proof are quite unilateral until the interrogatories have been completed. Accordingly, whichever view one takes of the order of the court below, the sound approach is to treat it as final, and, therefore, reviewable by this court.

Once having found the order reviewable, then it is quite clear that it was erroneously granted. Section 6 of the Uniform Support of Dependents Law provides the procedure to be followed thereunder. Where the pleadings establish controverted facts, and evidence has been adduced by interrogatories, there must be a hearing, unless, of course, respondent defaults. This is referred to as a hearing in the statute, although the petitioner is not present, and the evidentiary record consists of the interrogatories. Only after the hearing in the respondent State, and if the prayer of the petitioner is sustained by the evidence adduced in the proceeding, namely, by way of the interrogatories, may the court make and enter an order directing the respondent to furnish support. In other words, the equivalent to a trial, under the statute, consists of the exchange of completed interrogatories, and only thereafter, at the hearing brought, on the basis of the completed interrogatories, is the court empowered to act. The failure in this case, for whatever reason, of the interrogatories addressed to the petitioner mother to be returned prevented the court from making a proper direction for support. Consequently, the order granting support for the child must be vacated, and the order denying the motion to vacate the order of support must be reversed and the motion granted.

Since the proceedings will be remanded to the Domestic Relations Court for further action, another question is raised in the event the petitioner mother persists in her refusal to answer and return the interrogatories addressed to her. The issue has already been tendered by respondent father's request of the court to strike the petition for failure to return the interrogatories. He argues that the proceedings and the remedy should be analogized to those available to a party aggrieved by a failure to comply with Article 29 of the Civil Practice Act, which relates to the taking of depositions in civil actions. In view of the analysis of the Uniform Support of Dependents Law, it is not necessary to determine whether the analogy lies. Since the court below does not have power to grant the relief sought in the petition, so long as the interrogatories are not completed, respondent father is not prejudiced. Presumably, of course,

if the petitioner mother fails to return the interrogatories within a reasonable time, respondent father may move to dismiss the petition for failure to prosecute the proceeding. In making these observations it is not intended to suggest that the questions put in the interrogatories are either necessary or proper. That is not, nor may it be, before us for review. For the time being, at least, it is a matter exclusively for the court below.

Respondent's further objection to the petition in this case on the authority of *Wohlfarth* v. *Wohlfarth* (1 A D 2d 658) is quite beside the point. The *Wohlfarth* case involved a total failure to disclose the whereabouts of the children. It is not to be misread to require physical residence of the children with the petitioner.

This case should not be left without comment on the unnecessary complications and delay that have occurred. The father concedes his duty to support his child. The divorce decree provides for such support. The duty to support and the right to custody are not coextensive, nor does the obligation of the one necessarily depend upon the enforcement of the other. Proceedings for the support of the child should not be frustrated by endless dispute over what is essentially a collateral problem, namely, in whose custody does the child rightfully belong. The proceedings under the Uniform Support of Dependents Law are salutary in purpose, and are designed to be summary and direct. They do not provide a suitable forum to try out or determine issues more properly handled in a plenary action, or by way of appeal from or modification of existing judgments, or in habeas corpus proceedings. This is not to say that such issues may not become inextricably involved in a support proceeding, but when and if they do, they must not be permitted to defeat the primary and summary purpose of the proceeding.

A cursory examination of the proceedings heretofore taken in this case, and of the proposed interrogatories, which have successfully stalled what would have been, otherwise, an expeditious proceeding, makes necessary these observations.

The corporation counsel, who represents the petitioner, is to be commended for the objectivity with which he presented the problems raised. And it is because of his request for specific guidance that the procedure has been discussed in such detail.

Accordingly, the order should be reversed, and the motion to vacate the support order granted, and the proceedings remanded to the Domestic Relations Court for the taking of appropriate and expeditious action in accordance with this opinion, without costs to either party as against the other.

Botein, Rabin, Valente and McNally, JJ., concur.

Order of the Domestic Relations Court entered June 19, 1956, finding respondent was legally chargeable with the support of the dependent, unanimously dismissed. Order of the Domestic Relations Court, entered October 30, 1956, denying respondent's motion to vacate the order entered June 19, 1956, unanimously reversed and the motion to vacate the support order granted, and the proceedings remanded to the Domestic Relations Court for the taking of appropriate and expeditious action in accordance with the opinion herein, without costs to either party as against the other. Settle order on notice.