Benjamin Breneer, J.
Plaintiff wife moves to punish defendant husband for contempt for failure to make pendente lite payments for the support and maintenance of the infant issue. While it is not clear from the papers, it appears that most of *959 the arrears of $240 accrued while the plaintiff was out of the State with the child. She was fined $250 for her contemptuous act in removing the child from this jurisdiction, thereby preventing the defendant from exercising his visitation rights. The contempt order provided that the plaintiff could purge herself by returning the child within 48 hours.
The general rule is that a violation by the wife of the visitation clause of a decree or order does not excuse the husband from making payments for the support of the child provided by the decree or order (Leifer v. Leifer, 2 A D 2d 898; Schweig v. Schweig, 122 App. Div. 787; Goldstein v. Goldstein, 134 N. Y. S. 2d 886). An exception to this general rule is found where the wife has permanently removed the child from the State, thus depriving the child and the father of their mutual visitation rights, and in such case the husband cannot be held in contempt for failure to comply with the support provisions of the order or decree (Goldner v. Goldner, 284 App. Div. 961, affd. 309 N. Y. 675; Goodman v. Goodman, 82 N. Y. S. 2d 318; see rationale for such exception discussed by me in Goodman v. Goodman, 17 Misc 2d 712). In the instant situation it is apparent that the plaintiff had taken the child on a vacation trip and did not intend to premanently remove her from this jurisdiction. Hence the exception cannot be here applied and the defendant cannot be excused for his failure to support the infant regardless of his wife’s conduct.
However, the defendant contends that even if he is fined the amount of the arrears, the $250 fine already imposed upon the plaintiff should be set off against any fine that may be imposed upon him. But the plaintiff was given an opportunity to purge herself by returning the child and it is not clear from the papers whether or not she did purge herself by strict or substantial compliance with the terms of the order. In any case, the purge provisions, involving payment by the wife, should not be satisfied by an involuntary set off or deduction from moneys intended for the sole use of the infant. Satisfaction for the wife’s dereliction may be sought through commitment or other appropriate action under the contempt order.
The motion is granted. Defendant is fined $240, the amount of the arrears. He may purge himself of the contempt by payments of $5 per week in addition to the present support payments.
Settle order on notice.