312

In the Matter of RUTH STRECKER, Respondent, against HAROLD J. STRECKER, Appellant.

First Department, April 21, 1960.

*Sol Surowitz* of counsel (*Surowitz & Ruskin,* attorneys), for appellant.

*Edward A. Doberman* of counsel (*Seymour B. Quel* with him on the brief; *Charles H. Tenney, Corporation Counsel,* attorney), for respondent.

*Per Curiam.* These are appeals from two orders; the first, dated November 10, 1959, directed support of the two infants in the sum of $350 per month; and the second, dated December 28, 1959, denied a motion for reargument and modification but

directed that payments be withheld by the support bureau until a response is received to the visitation request of the court on behalf of this appellant.

The parties hereto were married in 1944, separated in April, 1955, and the marriage was dissolved in November, 1956. There are two children of the marriage, ages 11 and 7 years respectively, who reside with the mother, the petitioner-respondent, herein referred to as respondent. Prior to the dissolution of the marriage, in October, 1956, the parties entered into an agreement whereby appellant bound himself to pay $30 per week for the support of each child, and $30 per week for the support of respondent, such sum for the wife's support to be discontinued should she go to live with her parents. This agreement was incorporated but not merged in the divorce decree.

Sometime in July, 1959, the respondent removed the children from New York and went to live with her parents in Arizona where the children remain against the wishes of the appellant. Since July, 1959, no payments have been made for the support of respondent or maintenance of the children. Respondent instituted proceedings in Arizona for support of the infants under the Uniform Support of Dependents Law. A hearing was held in the Domestic Relations Court of the City of New York, at which appellant appeared without counsel, though advised of his right to retain counsel. Thereafter an order of support was entered and a later motion by appellant, through counsel, for a rehearing and modification was denied. It is from those orders that the present appeal is taken.

" The duty of parents to provide for the *maintenance* of their children, is a principle of natural law; an obligation   *   *   * laid on them not only by nature herself, but by their own proper act, in bringing them into the world ". (1 Blackstone Commentaries on the Laws of England [11th ed., 1791], pp. 446–447.) Blackstone wrote further of the duty to protect and educate children.

This duty to provide maintenance has been recognized and reinforced by statute. The Uniform Support of Dependents Law, embraced within our Domestic Relations Law, provides that a person legally liable for the support of dependents may be required to pay for such support a fair and reasonable sum (Domestic Relations Law, § 32) sufficient to provide necessary food, clothing, etc., expenses as justice requires, having due regard to the circumstances of the parties (§ 34, subd. 2), if the court determines the petitioner is in need of and entitled to support from the respondent (§ 37, subd. 11).

The appellant urges that the respondent is a runaway mother and that jurisdiction should be declined. He complains that he is deprived of his visitation rights. and questions the validity of the conditional order deferring the transmission of funds. He contends that the order directing payment was made without due regard to his reasonable expenses and obligations, and that he is entitled to a new or full hearing at which he may be represented by counsel.

Respondent points out that the appellant failed to enter a verified denial of any of the material allegations of the petition as required by statute (Domestic Relations Law, § 37, subd. 6); that the question of visitation rights does not relieve appellant of his obligation for maintenance; that the order for maintenance was entered properly and that the order denying a rehearing is not appealable.

What was stated of custody in a similar proceeding may as effectively be applied to the question of visitation rights. " The duty to support and the right to custody are not coextensive, nor does the obligation of the one necessarily depend upon the enforcement of the other. Proceedings for the support of the child should not be frustrated by endless dispute over what is essentially a collateral problem, namely, in whose custody does the child rightfully belong. The proceedings under the Uniform Support of Dependents Law are salutary in purpose, and are designed to be summary and direct " (*Aberlin* v. *Aberlin*, 3 A D 2d 417, 421).

The court in making its order for support could attach such conditions as to visitation as may be reasonable. (See *Matter of Guyette* v. *Haley*, 286 App. Div. 451, 461.)

The parties in their agreement recognized the possibility that respondent might at some time go to live with her parents. They provided, in the event of that contingency, the appellant should be relieved of the obligation to pay respondent $30 per week.

There is not the slightest indication that the amount agreed upon for the needs of the children, at any time during the almost three years of compliance, was found insufficient. Such an amount is evidence of a standard of support and it is recognized that the finding in this proceeding must be based upon need. Nothing appears in the record to persuade us that the needs of the children are other or greater than their needs while living in New York less than one year ago.

Accordingly, the order of November 10, 1959, should be modified on the law, the facts and in the exercise of discretion, without costs, and the appellant directed to pay the sum of $240 per month for the maintenance of the infants (Civ. Prac. Act, § 584),

with leave, however, to the respondent, if she be so advised, to make a new application upon a detailed showing of need. Settle order.

BOTEIN, P. J., BREITEL, M. M. FRANK, STEVENS and BERGAN, JJ., concur.

Order unanimously modified on the law, on the facts, and in the exercise of discretion, without costs, and the appellant is directed to pay the sum of $240 per month for the maintenance of the infants (Civ. Prac. Act, § 584), with leave, however, to the respondent, if she be so advised, to make a new application upon a detailed showing of need. Settle order.