■ JANET GLASS, Appellant, v. EDWARD C. GLASS, Respondent.— In an action for a separation, the plaintiff wife appeals from the following two orders of the Supreme Court, Queens County: (1) An order dated July 31, 1961, which: (a) granted the defendant husband's motion for a reduction of the temporary alimony of $125 a week previously awarded by order, dated January 30, 1961, for the support, *pendente lite,* of the plaintiff and the two infant children of the parties; (b) modified said order so as to direct the defendant to pay $50 a week, instead of the $125, until such time as he shall be given his right of visitation; (c) directed that the $50 payments shall begin on July 6, 1961; and (d) provided that the defendant shall receive a credit of $75 a week for every week in which he had made payments of $125 a week subsequent to July 6, 1961; and (2) An order, dated April 4, 1962, which granted the plaintiff's motion for reargument, adhered to the court's original decision, and made the same disposition as the original order of July 31, 1961, with respect to the defendant's motion. Appeal from the original order of July 31, 1961, dismissed, without costs. Order dated April 4, 1962, modified by striking out all the provisions other than the one granting reargument, and by substituting therefor a provision denying the defendant's motion. As so modified, order affirmed, with $10 costs and disbursements to plaintiff. On January 30, 1961, an order was made awarding $125 a week to the plaintiff as temporary alimony for the support of the plaintiff and for the support and maintenance of the children. The order made no provision for the defendant husband's visitation rights. On March 21, 1961, the parties appeared at Special Term in connection with a motion to punish defendant for contempt of court for his failure to make the payments directed. Defendant relied on plaintiff's breach of the visitation rights previously granted to him by the Domestic Relations Court of the City of New York. At Special Term in open court, the parties, who were represented by their respective counsel, entered into

an agreement which provided, *inter alia,* for the payment by defendant of all arrears in temporary alimony and counsel fees and for the granting of visitation rights to him on Sundays from noon to 5:00 P.M. He was required to call for the children in front of or in the lobby of the apartment house in Forest Hills, Queens, where the plaintiff resided; and he was required to return the children there. The children were not to be taken out of the court's jurisdiction. At the time this agreement was made, it was contemplated by the court and by the parties that this provision for visitation, pending the final determination of the action, would only be in effect "for a short period of time" because the action would soon be tried. There was no discussion of the coming Summer or of custody or visitation rights during the Summer; and the plaintiff's contempt motion was withdrawn. On July 6, 1961, the plaintiff and the children moved for the Summer to a bungalow in Woodridge, New York. Before the next Sunday, July 9, 1961, the plaintiff informed the defendant of the whereabouts of the children and of the fact that, for the next 8 to 10 weeks, he could visit the children on Sundays at Woodridge. The defendant then made his motion for an order reducing the temporary alimony to $50 a week, directing the plaintiff to return the children to their home in Forest Hills, and directing the plaintiff to comply with the agreement. Presumably, when the court awarded the sum of $125 a week as temporary alimony, it did so on the grounds that justice required such a direction; that the defendant could afford to pay such amount; and that the plaintiff had established a reasonable necessity for such an amount to enable her to provide suitably for the custody, care, education and maintenance of the children and for her own support (Civ. Prac. Act, §§ 1170, 1169). Plaintiff's conduct in removing the children for the Summer to Woodridge, where the defendant could visit them, was not such a willful, intentional and contumacious violation of the stipulation providing for visitation rights (*Matter of Belanoff* v. *Belanoff,* 277 App. Div. 1056) as to require the court, in the interests of justice, to reduce the temporary alimony to $50 a week until the children were made available to the defendant in New York City. In our opinion, the granting of defendant's motion was an improvident exercise of discretion (see, e.g., *Lefkowitz* v. *Lefkowitz,* 17 Misc 2d 958). Beldock, P. J., Ughetta, Kleinfeld, Brennan and Hill, JJ., concur.