Matthew J. Jasen, J.
Plaintiff moves to punish former husband for contempt for failure to make payments of $40 weekly for the support and maintenance of two minor children of the parties, as provided in a judgment of divorce.
The defendant cross-moves to modify the divorce decree to suspend support payments until his visitation rights are restored.
*440 This matter was previously presented to the court (Frank J. Kronenberg, J.), at which time plaintiff’s motion was granted and defendant’s cross motion was denied. The Appellate Division reversed the order and remitted the matter to Special Term for further proceedings in accordance with the memorandum of the court (27 A D 2d 793).
The proof with respect to this matter was heard in Part X on April 10, 1967.
It appears that the plaintiff was granted a judgment of divorce from the defendant by this court on February 3, 1960, which provided, “ that the plaintiff be awarded the custody of the issue of the marriage, to wit: Keith R. Schalk, aged eight years and Deborah J. Schalk, aged six years; and that the defendant shall have the right of reasonable visitation.” The decree also provided “ that the defendant be required to pay to the plaintiff, the sum of Forty ($40.00) Dollars per week for the support, education and maintenance of the aforesaid issue of said marriage.”
On November 17, 1961, the plaintiff remarried. That thereafter, the plaintiff, her new husband and the children continued to reside in the County of Erie, New York. On July 2, 1965, the defendant, too, had remarried.
The defendant made regular payments to the plaintiff for the support of said children from the date of the decree until January 1, 1966, at which time he reduced the remittance to $20 per week. He continued the $20 payment until April 9, 1966, at which time the defendant discontinued all payments to the plaintiff for the alleged reason that he was being deprived of regular visitation rights with the children.
For the period of six months subsequent to the date of the decree, the defendant failed to avail himself of his visitation rights with the children, and that thereafter he did visit with them about once a week until August, 1962 when the plaintiff, her new husband and the children moved to Georgia. The defendant was informed by the plaintiff that she had made plans to move to Georgia one week before actual departure. The plaintiff offered to send the children to the defendant for a visit and advised him that he may visit with them in Georgia, but he did not accept the offer except on one occasion, in July 1964, when he asked for the children to visit with him for two weeks during the month of July, which the plaintiff complied with immediately.
The defendant, a draftsman with the Westinghouse Electric Corporation at Buffalo, earned $11,266.48 in 1960 and $10,355.08 in 1966. Defendant’s present wife is also employed, earning *441 approximately $70 per week. The plaintiff was gainfully employed at the time the divorce was granted, and is presently employed, earning approximately the same amount, to wit: $72 net per week. Clearly, there is no substantial change of financial circumstances.
In support of his position, the defendant relies on the holding in the case of Goldner v. Goldner (284 App. Div. 961, affd. without opn. 309 N. Y. 675).
The case at bar is factually distinguishable from the Goldner case. There, despite the father’s rights of visitation with his children, his wife, after procuring a Florida divorce, moved with her new husband from Long Island to Munich, Germany, without her first husband’s consent and against his objections. Four days after the wife sailed for Europe, the husband moved with dispatch and stopped the payments because of his inability to exercise his visitation rights as set forth in a separation agreement.
Here, however, the plaintiff’s removal of the children from New York to Georgia occurred in 1962. Notice of such removal was given the defendant one week in advance with no apparent objection indicated by him. On the contrary, it appears that he accepted such removal as a fact and with a degree of finality since he continued to make the support payments for more than three years after the removal of the children to Georgia.
If this defendant felt aggrieved by this removal of the children to Georgia, he should have applied promptly to this court for relief and of his own accord and not have waited until the plaintiff brought this motion for contempt.
Furthermore, in the Goldner case, the court found that the removal of the children from the jurisdiction of the court was wrongful. Here, the court finds that the removal was announced and lawful.
Upon the facts and circumstances presented, this court is of the opinion and finds that the children were at all times available for visitation by the father in Georgia and at reasonable times, such as vacation periods, in New York State. The plaintiff at no time deprived the defendant of his “right of reasonable visitation.” The plaintiff’s departure from the State with the children was on notice to the defendant and for a legitimate purpose, to be with her new husband at his place of employment. Under such circumstances, the defendant should not be permitted to avoid his obligation of supporting his minor children.
However, plaintiff having removed the children from the jurisdiction of the court without having obtained any modifica *442 tion of the decree, she is not entitled to the extraordinary remedy of contempt.
Instead, this court finds and concludes that defendant should reimburse plaintiff the sum of $20 per week from January 1, 1966, to April 9, 1966, and the sum of $40 per week from April 9, 1966, to the date of the hearing, April 10, 1967.
Moreover, the provision in the decree granting the defendant ‘ ‘ the right of reasonable visitation ’ ’ with the children should be modified to provide the defendant the right to specific dates of visitation with the children at his place of residence during the month of July of each year, as well as one week during the Christmas and Easter vacation periods, upon condition that the defendant pay one half of the transportation cost. Payment of the $40 per week will not be required during such periods of visitation with the defendant.