■ In the Matter of NELLE C. SAWYER, Mother on Behalf of MARGARET LARKIN and Another, Infants, Respondent, v. EDMUND C. LARKIN, Appellant. — Order of the Family Court of the State of New York, New York County, entered on January 11, 1971, directing support payments for two children, affirmed, without costs and without disbursements. Although payments by a father for support of his children may properly be conditioned upon compliance with visitation rights (see *Matter of Fleischer* v. *Fleischer*, 25 A D 2d 901; cf. *Callender* v. *Callender*, 37 A D 2d 360), the propriety of visitation by the respondent at this time and the place, conditions and terms thereof, remain to be determined. Here, the children are a boy and girl, ages 5 and 6, respectively, and the respondent has not seen them since they were babies. The mother has remarried and, together with the children, she and her husband have moved to Hawaii. The Family Court, in the order appealed from, noted the provisions of the separation agreement between the parties providing for custody by the mother with provision that she and the children should live no farther from New York than Virginia; that " the respondent has been practically deprived of the ability to visit with the children, or to have them visit with him except at considerable inconvenience and expense. Consequently the petitioning court is requested to have petitioner suggest a reasonable program of visitation with the understanding that appropriate financial adjustments will be expected, including suspension of the support order in whole or in part during periods when the children are with the respondent." It was then directed that " the matter is adjourned to February 23, 1971 for a report from petitioning court as to a program of visitation and for review of the order in the light of such report." The transcript of the record as submitted to this court indicates that the matter of respondent's visitation with his children is still *sub judice* in the Family Court. The matter was referred to Judge Otten and then, on respondent's request, the matter " was " returned to Judge Caputo. Before Judge Caputo, respondent made an offer " to pay 25% of the transportation charges for the two children plus suspension of the order during visitation." Thereafter, the matter was adjourned from time to time; the final entry on the record as transmitted here indicates that on August 23, 1971, the case was adjourned to October 5, 1971, Part IV. Under all the circumstances, this court should not at this time interfere with the powers and discretion vested in the Family Court to determine the questions concerning proper support and visitation. Concur — McGivern, J. P., Murphy, Tilzer and Eager, JJ.; Kupferman, J., dissents in the following memorandum: The petitioner is the former wife of the respondent and is now married to a career officer of the United States Army, stationed in the State of Hawaii, and seeks support for the two minor children of her marriage to respondent. The parties were divorced in Mexico in 1966 by decree which incorporated by reference but did not merge, a separation agreement signed shortly before the divorce. Under the separation agreement, the mother received custody of the children, and the

father was to pay $40 per week for each child. The separation agreement contains the following provision: "Nothing herein contained shall be construed as preventing the wife from maintaining her and the children's residence outside of the State of New York for a radius no further than the most distant point in Virginia from New York City without his written consent." There is no malice or rancor involved, but the petitioner moved with her children to Hawaii in order to be with her present husband, and as a result the respondent has been deprived of his visitation privileges, and consequently he refuses to make the payments provided for in the agreement. There is no question about the respondent's ability to pay, and with the petitioner living with her husband at the Schofield Barracks, and also doing some part-time work, there is no problem about the children becoming a public charge. The Family Court, while recognizing that the respondent has been "practically deprived of the ability to visit with the children", determined that there should be a support order of a total of $80 for the two children, which is the equivalent of the separation agreement figure. We have recently held in *Callender* v. *Callender* (37 A D 2d 360, *supra*) that the provisions for support and visitation are dependent. What is more, the specific provisions for residence as above quoted made quite clear the outermost limits, unless there was "written consent" by the father. Under the circumstances, the determination in the court below results in a clear evasion and modification of a separation agreement between the parties. The judgment appealed from should be reversed on the law and the proceedings dismissed.