Robert H. Wagner, J.
The facts of this case may be stated succinctly as follows: The parties were married, entered into a separation agreement and were divorced in the State of New York. The petitioner mother having custody of the child in question subsequently moved to Connecticut and later to Massachusetts where she now resides. Her movement out of State has effectively denied to the respondent his rights of visitation under the separation agreement.
The petitioner has brought this action under article 3-A of the Domestic Relations Law. The Uniform Support of Dependents Law, referred to as USDL. The petitioner asks for support of the child. The respondent has agreed to pay support under the terms of the separation agreement and any order of this court but seeks to condition such payments upon his right to visit with his child at reasonable intervals.
There is no specific provision in article 3-A of the Domestic Relations Law authorizing such a conditional order. If the petition was brought under article 4 of the Family Court Act and both parties were before the court, such an order could be made and entered. (Family Ct. Act, § 447; Matter of Fleischer v. Fleischer, 25 A D 2d 901.)
The issue therefore is whether this court can draw upon the public policy of the State as found in the legislative enactment under article 4 and the court decisions interpreting same in acting' in the present ease on the petition before it under article 3-A of the Domestic Relations Law.
The issue is well stated in Martin v. Martin (58 Misc 2d 459, 466 [1968]) which I quote. “ The declared public policy of the State of New York as found in its statutes and as interpreted by the courts gives no clear cut answer. The cases of ‘ Vincenza ’ v. ‘ Vincenza ’, Ross v. Ross, Matter of Dannheim v. Babbitt, and Matter of Trent v. Loru (supra) put the Uniform Support of Dependents Law into a water-tight compart *1023 ment to be construed without reference to other laws and without deletions or additions from other sources; the cases of Matter of Lenti v. Lenti, Matter of Jones v. Jones, Matter of Dabbs v. Burrell and Matter of State Welfare Comr, v. Mintz (supra) all seem to indicate that certain provisions of the Uniform Support of Dependents Law may be ignored if they are in conflict with the provisions of more recently enacted laws signalling a clear change in social policy and where to give them effect would be to impose a greater liability upon New York residents to nonresidents than to residents; the cases of Matter of Fleischer v. Fleischer and Matter of Lewis v. Lewis (supra) which rely upon the authority of section 447 of the Family Court Act as authority for an award of custody in reciprocal support proceeding, although the Uniform Support of Dependents Law does not even contain the word custody, punched a large hole in the compartmentalized concept of the two laws; and finally in the case of Matter of Murdock v. Settembrini (supra), the Court of Appeals has approved a further ¡spillage from the Family ¡Court Act over into the Uniform Support of Dependents Law by permitting the Family Courts’ use of section 438 of the Family Court Act as authority for an award of counsel fees in a reciprocal support proceeding (contra, Matter of Dannheim v. Babbitt, supra). These latter decisions would seem to do considerable violence to the rules of statutory construction previously alluded to, but they also seem to point in the direction of fully interpolating article 4 of the Family Court Act into the Uniform Support of Dependents Law.”
Although the court in the Martin (supra) ease did not interpolate the provisions of section 466 of the Family Court Act into article 3-A of the Domestic Relations Law giving the petitioner in that ease the right to enforce or modify a foreign divorce decree in a USDL proceeding, the Appellate Division, Third Department in Matter of Fleischer v. Fleischer (25 A D 2d 901, supra) affirmed a Family Court order which conditioned the payment of support upon the petitioner’s granting the respondent certain visitation rights, specifically citing section 447 of the Family Court Act as authority. (See, also, Matter of Sawyer v. Larkin, 37 A D 2d 929.)
The separation agreement in the instant case provides in paragraphs 3(a) and 3(b) as follows:
“ (a) The husband agrees to pay to the Wife the sum of Forty Dollars ($40.00) per week for the support and maintenance of their child, joy lynne wheeler, Such payments are to commence on November 10, 1967 and shall continue during the *1024 minority of jot lynne wheeler, or until her marriage or emancipation.
“ (b) The Husband shall pay the cost of Blue Cross and Blue Shield medical insurance coverage on his daughter, joy lynne wheeler. The Husband shall further pay to the Wife any extraordinary medical or dental expenses incurred by his daughter, JOY LYNNE WHEELER.”
The petitioner requests only the amount of $40 per week for the support of the child as certified by the Hon. Arthur T. G-arvey, Justice of the District Court of Western Hampden.
The separation agreement further provides in paragraph 4-A as follows:
“4-A. It is understood the custody of joy lynne wheeler shall be with the Wife. The Husband is entitled to visitation rights as follows:
“ a. Either Saturday or Sunday of each week subject to 48-hour notice to the Wife, from 10:00 a.m. to 8:00 p.m. The Husband shall have the right to remove said child from the Wife’s residence.
“ b. The right to have his child for one week during the summer vacation period, subject to one month’s notice to the Wife.
“ c. The right to have his child away from Wife’s residence from 10:00 a.m. to 8:00 p.m. alternately on the following holidays: Thanksgiving, Christmas Day, New Year’s Day, Easter, Memorial Day, Fourth of July, Labor Day, and alternating birthdays, commencing with the Husband’s visitation on Thanksgiving, November 23rd, 1967.
“ d. After the child is five years of age, the Husband shall have the right to have her for one weekend of each month commencing on Saturday at 10:00 a.m. until Sunday at 8:00 p.m.”
The testimony by the petitioner as taken by the court in Massachusetts was as follows: ”1 am opposed to having my ex-husband have the right to visit with our child.”
Pursuant to this court’s order the respondent has paid to the Monroe County Family Court weekly the amount of $40 since September 11,1972. The money has been allowed to accumulate with notice to the petitioner that it would be released to her upon her acceptance of some reasonable plan of visitation for the respondent.
This court will continue to require such money to be paid and tó be held for a period of 30 days after the entry of its order. If at the end of the said 30-day period the petitioner has not presented in reply a proposal for visitation in reasonable substitu *1025 tian for the plan detailed in the separation agreement all moneys held shall be released to the respondent.
The order of support in the amount of $40 per week for the child, Joy Lynne Wheeler is hereby confirmed based on the separation agreement heretofore entered into by the parties and on the consents of each as presented to this court in this proceeding. Its enforcement, however, is conditioned upon the receipt from the petitioner of a proposed reasonable plan for visitation by the respondent.