█ In the Matter of IRENE DE FILIPO, on Behalf of ROSEMARY DE FILIPO and Another, Appellant, v. FRANK P. DE FILIPO, JR., Respondent.— In a pro-

ceeding pursuant to the Uniform Support of Dependents Law (Domestic Relations Law, art. 3-A), petitioner appeals (by permission) from two orders of the Family Court, Richmond County, the first, dated February 21, 1973, which, after directing respondent to pay $55 per week for support of his two infant children, stayed the effective date thereof until further order of said court, and the second, dated July 18, 1973, which, *inter alia,* continued the stay until perfection of an appeal. Order of February 21, 1973 modified by striking the stay provision therefrom and adding thereto a provision that the support payments shall commence as of the date of entry of the order made hereon and not as of February 21, 1973. Order of July 18, 1973 modified by striking the stay provision therefrom. As so modified, orders affirmed, without costs. Respondent may apply for visitation rights, if he be so advised, to the Florida court which has jurisdiction of the children. After the parties were divorced in July, 1972, petitioner moved with the parties' two infant children to Florida. On or about October 6, 1972 she made application to the Sixth Judicial Circuit Court of Florida, in Pasco County, for child support and that application was transferred to the Family Court, Richmond County, pursuant to the Uniform Support of Dependents Law. On February 21, 1973, a hearing was held in the Family Court and on that day that court, upon consent of respondent and his counsel, ordered respondent to pay $55 per week as temporary child support. At the conclusion of that hearing, the court stated, however, that the effective date of the support direction "is stayed to such time as the petitioning court works out and establishes a meaningful order of visitation." The actual wording of this stay in the ensuing order of that date, one of the two orders now under review, is "effective date stayed to further order of this court." Under the particular circumstances of this case, we are of the opinion that the award of child support should not have been stayed dependent upon a later determination of visitation rights in Florida. Additionally, we note that under the circumstances disclosed by the record the best interests of these children of tender years require that application for visitation rights on behalf of respondent be made before the Florida court which has jurisdiction of the children. Hopkins, Acting P. J., Christ, Brennan, Benjamin and Munder, JJ., concur.