Richard M. Palmer, J.
The court has held a hearing on a petition for support filed in the Circuit Court of Florida in Duval County. The petition is before the court under section 411 of the Family Court Act and sections 34 and 35 et seq. of the Domestic Relations Law.
The respondent has filed a verified answer dated March 10, 1975. Petitioner has filed a supplemental affidavit dated August 14, 1975.
*634 By the written testimony attached to the petition, the petitioner asks for an order in the amount of $650 a month child support and $200 as alimony.
It is undisputed that petitioner obtained a divorce by default in the Superior Court of New Jersey on September 16, 1974. The judgment provided that the respondent is to pay to petitioner $650 a month child support and $200 a month alimony. Respondent admits that the divorce judgment was effective to dissolve the marriage. He denies that the New Jersey court had in personam jurisdiction so as to be able to make any binding order of support.
The New York version of the interstate support law does not apply to claims by ex-wives. (See Matter of Martin v Martin, 58 Misc 2d 459 and Matter of Fleischer v Fleischer, 24 AD2d 667 and cf. Domestic Relations Law, § 32, subd 1 and § 33, subd 4.) Therefore the court is only concerned with the claim for chilcl support in this proceeding.
The respondent concedes that he is the father of the two children named in the petition: Ann, age 8 and Nancy, age 6.
The respondent states that he has been paying $350 a month for child support on a voluntary basis for some time antedating this proceeding. This amount has been formalized by a temporary support order made on March 12, 1975.
There is no serious dispute that at the time of the hearing (July 31, 1975, and presumably also at the time of the post-trial submissions of the parties) the respondent had an income of $32,000 a year, consisting of a salary of $28,500 and the balance in interest and dividends from approximately $50,000 in securities.
The central issue presented at the hearing and in the posttrial submissions of the parties is as to whether respondent is entitled to spend $400 a month on "visitation expenses” instead of using all or some of this money for increased child support.
Respondent testified that he has been spending $317 each month to have his two daughters sent to him from Florida, where they live with the petitioner, for one weekend of every month. This amount represents the. cost of two round-trip adult airplane fares (children unaccompanied by an adult being charged with adult fares). Incidental expenses in connection with such weekends bring the total to $400 according to the respondent.
*635 The petitioner has filed a supplemental affidavit made on August 14, 1975 in which she has stated that she never agreed with respondent that he could charge her with the cost of the monthly visitation by reducing his payments for child support and further that she believes that he refuses to visit in Florida for fear that he could be served with process there and be required to comply with the terms of the divorce judgment. In connection with this affidavit, it is noted first that there is no evidence that respondent had ever been paying a larger sum which he later reduced so as to be able to pay for the expenses of bringing the children to New York one weekend a month and second, that petitioner seems to have acquiesced in respondent’s position by sending the two daughters to New York monthly. It is also noted that if respondent were to go to Florida to visit once a month there could be a saving of one fare or $159 monthly.
The attorney for the respondent argues that "there is a clear relationship between the right of visitation and the duty to support” under the laws of both Florida and New York and that the action of the petitioner in removing the children from the marital home in New Jersey to Florida was in effect a denial of visitation. He argues that respondent could have suspended his support because of this but instead chose to spend the money necessary for transportation so that he could continue to see his children and to use what disposable income he had left to provide child support.
The attorney for the petitioner argues that there is "no proof in the instant case that the Petitioner’s removal of the children to Florida was improper” and no claim it was "for an illegitimate purpose.” He argues further that "it is no defense to a Family Court Action brought under the Uniform Support of Dependents Law (Dom. Rel. Sec. 30-43), that a father has been denied visitation rights” and that "the need to properly clothe, house and educate the children should take precedence.”
Respondent alleged in his answer that petitioner went to Florida with the children "for the purpose of seeking to engage in matrimony with one William J., a resident of the State of Florida”. At the hearing he testified that he knew she was seeing Mr. J. in New Jersey and that he tried to stop her from taking the children to Florida, but that she was determined to because of her interest in Mr. J. In her supplemental affidavit submitted after the hearing, petitioner has not admit *636 ted or denied the contentions as to Mr. J. Instead she states that she could not find employment in the Princeton, New Jersey area. No reason is given either in the affidavit or in the written testimony of the petitioner as to why she took the children to Florida. (Petitioner’s Exhibit No. 1, a personal resumé, indicates that she was born in Daytona Beach, Florida.)
It is the finding and conclusion of this court that the respondent’s position is justified and that, so long as the petitioner co-operates and makes the children available for visitation in New York, he should continue to pay support for them. The amount that he has been paying and that has been set in the temporary support order is a fair and reasonable sum in view of the financial circumstances of the respondent shown in the record which include monthly visitation expenses of $400.
The legal authorities cited by the petitioner do not apply to the facts of this case so as to require a contrary finding and conclusion. Two Appellate Division cases are cited: Matter of Aberlin v Aberlin (3 AD2d 417) and Matter of Strecker v Strecker (10 AD2d 312). The decision in Aberlin was to reverse a temporary support order on the appeal by the father; there was a "comment” or dictum by the court that the obligation of support does not necessarily depend on the right to custody or visitation. The comment was quoted in Strecker where the court modified and affirmed an order for child support while recognizing the power of the court to "attach such conditions as to visitation as may be reasonable” (p 314). From the facts of the case it appeared that in a separation agreement the parties had recognized that at some time the petitioner mother might go live with her parents in Arizona (where the proceeding was commenced).
The other cases cited are decisions by trial courts and are not persuasive that petitioner’s claim for support in excess of $350 a month should be granted. In Goodman v Goodman (17 Misc 2d 712) the court denied a motion to punish an ex-husband for contempt and observed that he had an implied right to have the children available in New York State for visitation; the dictum about an adequate remedy under the uniform law is unenlightening. Matter of County of Santa Clara, State of Cal. v Hughes (43 Misc 2d 559) does not seem in accord with the current decisions and may be distinguishable in the light of petitioner’s written testimony in which she *637 denies a necessity to apply for public assistance. In Schalk v Schalk (54 Misc 2d 439) it was found that the father had acquiesced in the removal of the children to Georgia by continuing to pay support for three years thereafter.
The conclusion of the court on the law in this case finds support in the following authorities: Callendar v Callendar (37 AD2d 360) and Feuer v Feuer (50 AD2d 772); cf. Matter of Doe v Doe (86 Misc 2d 194). In Abraham v Abraham (44 AD2d 675) where the father stopped paying support when the mother moved to Florida with the daughter, the court reversed an order granting a money judgment to the mother. The court stated (p 676): "While it is clear that the deprivation of visitation rights, per se, will not relieve the father of his obligations, such deprivation, when not required by some pressing concern for the welfare of the mother or child should suspend his obligations”. Such a pressing need of the mother or child was found in Matter of Annina D. (NYLJ, July 28, 1975, p 14, col 8). In the present case there is no showing by petitioner of any pressing need. Another case that is noteworthy among the several that touch on the problem of support after removal of a child from the jurisdiction is Matter of Wheeler v Wheeler (74 Misc 2d 1021) where the court held that enforcement of support would be denied unless the mother, who had moved to Massachussetts with the child, came up with a reasonable visitation plan within 30 days.
The cases cited above show that the right of the father to suspension of support payments applies to child support as well as to support for a mother. Thus it seems clear that the right of the children to housing, clothing, etc. claimed by petitioner’s attorney does not have priority over the father’s right of visitation (and the children’s right to a continuing relationship with their father).
The court has as of the date hereof signed an order making the temporary support order of March 12, 1975 a final order.