OPINION OF THE COURT
Hugh R. Elwyn, J.
In this proceeding brought pursuant to the Indiana Reciprocal Enforcement of Support Act the petitioner seeks support for the parties’ minor child Marguerite Shinouda, age 12, in the amount of $50 per week, which, in the opinion of the Knox County Circuit Court of the State of Indiana, is the amount of the dependent’s needs. In this court, the responding court, the rights and obligations of the respective parties are governed by the New York Uniform Support of Dependents Law (Domestic Relations Law, art 3-A), which, although similar in nature and purpose to the Reciprocal Enforcement of Support Act, does contain some differences (see Matter of County of Santa Clara v Hughes, 43 Misc 2d 559).
In this court the respondent raises three defenses to the proceeding, the first being jurisdictional and the other two substantive. With respect to the first, it is alleged and, according to documentary evidence presented, it appears that prior to the commencement of this proceeding and on or about July 26, 1977 the petitioner commenced an action for divorce *292 against the respondent in the Supreme Court of this State. In the Supreme Court the petitioner moved for temporary alimony, child support and counsel fees, which application was opposed by the respondent. In a written decision the Supreme Court on November 16, 1977 denied the petitioner’s motion in its entirety, because the respondent has been and continues to be cut off from visitation with his daughter, citing Feuer v Feuer (50 AD2d 772) and Abraham v Abraham (44 AD2d 675).
The respondent contends that section 464 of the Family Court Act[1] precludes the court from taking jurisdiction of this proceeding, which seeks the same identical relief that the Supreme Court has already denied, because the Supreme Court has not referred the petitioner’s application for alimony and child support to the Family Court and there is no proof that the petitioner is presently receiving public assistance, for from testimony before the Knox County Circuit Court in Indiana it appears that she has not applied for such assistance. If this were an application for support under article 4 of the Family Court Act the foregoing facts would preclude this court from taking jurisdiction to make a support order (Matter of Lo Casto v Lo Casto, 45 AD2d 712; Montes v Montes, 54 AD2d 627; Matter of McDonald v McDonald, 73 Misc 2d 584; McKay v McKay, 82 Misc 2d 929).
While there may be no logical reason to permit a petitioner to relitigate in this court the very issue the Supreme Court has already settled, thereby according to a petitioner who moves to a different county or different State greater rights than a local resident (see Matter of Leiguarda v Leiguarda, 91 Misc 2d 868), the petitioner’s right to maintain this proceeding depends not upon logic but law. This court disagrees with the court’s statement (p 869) in Matter of Leiguarda that "there is *293 no language in article 3-A of the Domestic Relations Law that would authorize such petition”. The court apparently overlooked section 41 of the Domestic Relations Law entitled "Construction of article” which provides in subdivision 1 that "This article shall be construed to furnish an additional or alternative civil remedy and shall in no way affect or impair any other remedy, civil or criminal, provided in any other statute and available to the petitioner in relation to the same subject matter” (emphasis supplied). "The family court has exclusive original jurisdiction * * * in proceedings under article three-a of the domestic relations law, known as the uniform support of dependents law” (Family Ct Act, § 411).
Upon the authority of Lebedeff v Lebedeff (17 NY2d 557), which also involved a petitioner from a distant State (California) who had obtained a Supreme Court judgment of separation which granted her custody of the children and directed the respondent to pay for the support and maintenance of the petitioner and the children, this court holds that the Family Court does have jurisdiction to entertain this proceeding. In reversing the Appellate Division which had granted the respondent’s motion to dismiss a petition similar to the one presented here the Court of Appeals in Lebedeff said (p 559): "This is a separate special proceeding under article 3-A of the Domestic Relations Law (Uniform Support of Dependents Law), invoked by petitioner, which provides an independent source of jurisdiction conferred upon the Family Court (Family Ct. Act, § 411; see Landes v. Landes, 1 N Y 2d 358).” (See, also, Matter of Diann P. v Gene P, 86 Misc 2d 844, 848.0.)
The second defense which alleges that the petitioner by moving to the State of Indiana, taking the child with her, abandoned the respondent and also has engaged in a course of cruel and inhuman treatment of the respondent might have some merit if the petitioner were seeking support for herself (Domestic Relations Law, § 236), but, where as here, the petitioner is seeking support for her minor child only the petitioner’s marital misconduct is irrelevant to the child’s right to support from its father. The child’s right to support cannot be prejudiced by the acts of a parent nor by any agreement executed by the parents (Moat v Moat, 27 AD2d 895; Matter of Brock v Brock, 4 AD2d 747; Matter of Schwartz v Schwartz, 48 Misc 2d 859).
The third defense which alleges that as a result of the removal of the child to Indiana it has become impossible for *294 the respondent to visit his daughter and that as a result of this unreasonable deprivation of visitation, the respondent should not be required to pay any child support until reasonable visitation has been restored has considerable merit and poses a vexing problem in reciprocal support proceedings on which the decisions are split.
On the one hand, there is a line of cases beginning with the Court of Appeals decision in Landes v Landes (1 NY2d 358), which hold that in a reciprocal support proceeding a father is absolutely responsible in keeping with his ability for the support of his minor chidren; that neither a divorce nor remarriage, nor the fact that the mother has custody of the children terminates that liability and that this may be enforced regardless of the child’s residence. In short, that the child’s place of residence or reason for being there is immaterial and that the deprivation of the father’s visitation rights is no defense to such a proceeding and does not exonerate him from his absolute liability for the child’s support (see, also, Nash v Nash, 236 App Div 89, affd 261 NY 579; Altschuler v Altschuler, 248 App Div 768; Adams v Adams, 272 App Div 29; Meiners v Chinigo, 283 App Div 1096, app dsmd 308 NY 811; Aberlin v Aberlin, 3 AD2d 417, 421; Goodman v Goodman, 17 Misc 2d 712; Matter of Meyers v Meyers, 29 Misc 2d 163, 165; Elkin v Ehrens, 43 Misc 2d 493; Matter of County of Santa Clara v Hughes, 43 Misc 2d 559, supra; with respect to the father’s common-law liability for necessaries, see De Brauwere v De Brauwere, 203 NY 460; Laumeier v Laumeier, 237 NY 357).
On the other hand, there is a growing body of case law which holds that the court may direct that support from a father be suspended if visitation with a child is unreasonably withheld or denied or is impractical by reason of the mother’s removal of the child to a distant State (Matter of Fleischer v Fleischer, 25 AD2d 901; Matter of Sawyer v Larkin, 37 AD2d 929; Abraham v Abraham, 44 AD2d 675, supra; Callender v Callender, 37 AD2d 360; Feuer v Feuer, 50 AD2d 772, supra; Turner v Turner, 17 Misc 2d 50; Lefkowitz v Lefkowitz, 17 Misc 2d 958; Matter of Wheeler v Wheeler, 74 Misc 2d 1021; Matter of Sandra B. v Charles B., 85 Misc 2d 633; Goodwin v Fayerman, 88 Misc 2d 690; Matter of Nicolette G. v Raymond S., 90 Misc 2d 848; Matter of Benjamin B. v Rivka M., 90 Misc 2d 850; Smith v Smith, NYLJ, June 8, 1978, p 14, col 6; cf. Matter of Maria A., NYLJ, June 8, 1978, p 14, col 2).
*295 Although this court has previously held that the father’s liability for the support of his minor children is absolute and that the mother’s surreptitious removal of the children to a distant State constituted no defense to the enforcement of the father’s liability (Matter of County of Santa Clara v Hughes, 43 Misc 2d 559, supra), the experience of 15 years on this court during which I have seen literally thousands of Uniform Support of Dependents Law cases has convinced me that some moderation of so inflexible a rule may sometimes be required. Reciprocal support legislation which in New York is known as the Uniform Support of Dependents Law (Domestic Relations Law, art 3-A) was designed to enforce the liability for the support of his dependents of the runaway father. Too often, as in this case, the proceeding is perverted to aid the runaway mother escape her marital responsibilities and withhold the child’s presence from its father.
The withholding of child support because of the father’s deprivation of his visitation rights poses a cruel dilemma. The court is aware that the child’s presence in the distant State is rarely, if ever, of the child’s volition; rather, the child is in the distant State because the mother has taken the child there, often without the father’s consent or even knowledge. Yet, regardless of the child’s physical location, it still has to be fed, clothed and housed, all of which costs money and if the father’s liability for support is not enforced the child may be in want or, at the least, become a public charge. On the other hand, a father’s rights, even though to recognize them may pose some hardship on the mother and/or child, should not be completely ignored. (Stanley v Illinois, 405 US 645.) The problem then becomes how to balance these equally valid competing considerations without depriving a child who, through no fault of its own, finds itself by the mother’s caprice in a distant State and at the same time recognize a father’s inherent right to some association with his own offspring.
The dilemma can be resolved, I believe, by not fastening absolute liability upon the father in all cases where the mother has without justifiable excuse removed the child to a distant State thereby depriving the father of his visitation rights, nor, at the other extreme, in finding in these facts complete exoneration of parental responsibility. Although the court has no authority to make an order of visitation in an interstate reciprocal support proceeding as it might in an *296 intercounty proceeding (Domestic Relations Law, § 34-a),[2] this court does have authority to condition support payments upon the mother’s compliance with reasonable visitation rights (Matter of Fleischer v Fleischer, 25 AD2d 901, supra; Matter of Sawyer v Larkin, 37 AD2d 929, supra; cf. Callender v Callender, 37 AD2d 360, supra). Moreover, there is precedent for the court directing the Support Collection Unit to withhold the transmission of payments until a reasonable plan for visitation can be arranged and agreed to (Matter of Wheeler v Wheeler, 74 Misc 2d 1021, supra; Matter of Sandra B. v Charles B., 85 Misc 2d 633, supra; Goodwin v Fayerman, 88 Misc 2d 690, supra; Sorbello v Cook, 93 Misc 2d 998, supra).
Consequently, the respondent’s motion to dismiss the proceeding for lack of jurisdiction is denied. The court will refrain from attempting to exercise jurisdiction to grant the respondent visitation rights for lack of express authority to do so (Goodwin v Fayerman, supra, p 693; Sorbello v Cook, supra, p 1003). Any application for visitation rights on behalf of the respondent should be made to the Indiana court which has jurisdiction of the children (Matter of De Filipo v De Filipo, 45 AD2d 710).
The clerk of the court is directed to schedule the matter for a further hearing to determine the measure of the father’s financial liability for the support of his daughter. Payment will, however, be conditional upon the mother’s willingness to accede to some reasonable visitation plan for the father and any payments ordered to be made will be directed to be withheld by the Support Collection Unit pending the petitioner’s compliance with such a plan. I do not agree with the conclusion reached by the court in Sorbello v Cook (supra, p 1003) that "in those instances where support and/or visitation have not previously been determined and the respondent seeks de novo visitation or other similar rights, the court should decline to exercise jurisdiction and limit itself to the issue of child support (Matter of De Filipo v De Filipo, 45 AD2d 710)” for the reason that it is broader than cited authority would compel. First, the actual holding (p 711) in De *297 Filipo "that the award of child support should not have been stayed dependent upon a later determination of visitation rights in Florida” since made "[u]nder the particular circumstances of [that] case” should not be universally applied. Secondly, while the court concedes that it has no authority to make an order of visitation binding upon an out-of-State resident, it does not follow that the New York courts must in this type of case confine itself to the issue of support only and are powerless to deal in any effective way with the issue of visitation. The New York courts may not have any authority they can exercise over the out-of-State petitioner or child, but they do have jurisdiction over the respondent and the authority to control the amount, manner and timing of his court ordered support payments and may condition support payments upon the mother’s compliance with reasonable visitation rights (Matter of Fleischer v Fleischer, 25 AD2d 901, supra; Matter of Sawyer v Larkin, 37 AD2d 929, supra). That authority will be exercised; neither support nor visitation can be considered in a vacuum without regard one for the other.

. Family Ct Act, § 464. "Effect of pendency of action for divorce, separation or annulment on petition for support of wife.
"(a) In an action for divorce, separation or annulment in the supreme court, the supreme court on its own motion or on motion of the wife may refer to the family court an application for temporary or permanent support or both. If the supreme court so refers an application, the family court has jurisdiction to determine the application with the same powers possessed by the supreme court and the family court’s disposition of the application is an order of the family court appealable only under article ten of this act.
"(b) In the absence of an order of referral under paragraph (a) of this section and in the absence of an order by the supreme court granting temporary or permanent support, the family court during the pendency of such action may entertain a petition and may make an order under section four hundred forty-five of this article for a wife who is likely to become in need of public assistance or care.”

. The Family Court of Monroe County has found the omission of such express authority not significant. "Such a unilateral provision would not be effective unless enacted by the other jurisdictions which are parties to the reciprocal act. Therefore, the absence of such a provision involving out-of-State petitioners should not necessarily indicate a legislative intent to exclude the court’s authority in those cases” (Sorbello v Cook, 93 Misc 2d 998, 1002-1003).