Vast Vookhis, J.
This appeal is from an order dismissing the complaint in a separation action on motion upon the ground that it is barred by a previous separation agreement between the parties. A valid and subsisting provision for support and maintenance in a separation agreement bars the maintenance of a separation action (Drane v. Drane, 207 App. Div. 217; Benesch v. Benesch, 182 App. Div. 221; Beebe v. Beebe, 174 App. Div. 408; 9 Carmody on New York Practice, § 238, p. 386). The complaint anticipates and endeavors to avoid this basis for dismissal, by alleging that the separation agreement was broken by defendant husband by violating the covenant against molestation of plaintiff. He has paid all of the installments for her support. It is alleged that he molested her by obtaining a Mexican divorce without jurisdiction, purporting to marry another woman whom he held out publicly as his wife, and giving his name to her child. It is also alleged that he sent to her malicious written communications.
Special Term held that no molestation of plaintiff by defendant was alleged in the complaint or established by affidavits. *115 The Appellate Division affirmed upon the ground that regardless of whether this husband molested his wife, a promise not to molest is an independent covenant in a separation agreement under the English case of Fearon v. Aylesford (14 Q. B. D. 792). In our view that determination was correct.
The usual form taken by molestation between separated spouses consists in an endeavor to compel the restoration of conjugal rights. The law favors resumption of marital relations even if the parties to the marriage are living in a state of separation, and clauses in separation agreements and decrees which provide for living separate and apart in the future are of doubtful validity (Landes v. Landes, 94 Misc. 486, affd. 172 App. Div. 758; Lindey on Separation Agreements and Ante-Nuptial Contracts [Rev. ed., 1953], pp. 87-88; Aspinwall v. Aspinwall, 49 N. J. Eq. 302, 305; 2 Story on Equity Jurisprudence [14th ed.], § 1862; 2 Nelson on Divorce and Annulment [2d ed.], § 19.04). The tendency to treat promises to live separately as independent covenants has arisen from the circumstance that otherwise their invalidity might impair the maintenance provisions in separation agreements. Insofar as a covenant against molestation merely purports to prohibit importunities to resume the marital relationship, such a covenant may well be void, in which event it would have to be construed as an independent covenant unless it were to vitiate the entire separation agreement. Even assuming molestation to be a broader term covering other behavior between separated spouses, consistency requires that a covenant against all kinds of molestation should be treated as independent. Even where valid, covenants against molestation are similar historically to covenants to live separate and apart, and resemble them in structure and design in separation agreements. Lindey on Separation Agreements and Ante-Nuptial Contracts recognizes that covenants against molestation other than to compel restitution of conjugal rights may be valid, but treats such covenants as independent (Rev. ed., 1953, pp. 108-109). Such an interpretation is in accord with other authority (Stern v. Stern, 112 N. J. Eq. 8, affd. 113 N. J. Eq. 185; Sabbarese v. Sabbarese, 104 N. J. Eq. 600, affd. on opinion below 107 N. J. Eq. 184; Thomas v. Thomas, 104 N. J. Eq. 607; Hughes v. Burke, 167 Md. 472; Fearon v. Aylesford, supra).
*116 Inasmuch as it is the continuance in effect of support and maintenance provisions in separation agreements that precludes the maintenance of separation actions, it would be impossible to distinguish between the dependence or independence of covenants of molestation according to whether the action is brought by the husband or by the wife. In either event the issue of the contract as a bar would turn upon the existence in force of the covenant to support and maintain as the decisive factor. It is wiser in neither instance to hold that separation agreements are terminated under the name of molestation, by the acrimonious interchanges which are so often an aftermath of matrimonial disputes. If we were to assume freely that conduct of this kind constitutes molestation, which is not decided, it would frequently be unjust to allow a husband to escape payment of promised support for the reason that the wife has at some time engaged in bitter invectives or humiliating behavior. The same rule holds good for both sides. These agreements survive divorce for adultery (Galusha v. Galusha, 116 N. Y. 635), and it seems wiser to follow the rule treating molestation as an independent covenant rather than to have it constantly brought into court as a litigious basis for ending these agreements, the chief merit and object of which is to bring some stability and continuity into what is at best a troublesome relationship.
Covenants of this kind are different from those providing for visitation rights for children which are held to be dependent (e.g., Duryea v. Bliven, 122 N. Y. 567; Muth v. Wuest, 76 App. Div. 332). There installments of money are to be paid, at least in part, for the support of the persons whom the defendant has a right to see and visit under the terms of a separation agreement. The father’s right to see his children is tied into his covenant to provide agreed sums of money for their support. Neither are visitation rights subject to the factors which have led to the independent status of covenants of separation and nonmolestation.
The judgment of the Appellate Division is affirmed, without costs.
Chief Judge Conway and Judges Desmond, Dye, Fuld, Froessel and Burke concur.
Judgment affirmed.