GLADYS CALLENDER, Respondent, *v.* EUGENE S. CALLENDER, Appellant.

First Department, October 28, 1971.

G. *Kenneth Brown* for appellant.

*Adrian A. Colley* of counsel (*Burke & Burke,* attorneys), for respondent.

STEVENS, P. J. By leave of the Appellate Division defendant appeals from a judgment entered in Civil Court May 12, 1970 (SCOTT, J.) which judgment was unanimously affirmed by the Appellate Term May 17, 1971.

The parties were married October 7, 1950. One child was born of the union. The parties entered into a separation agreement dated July 10, 1962 in which, *inter alia,* it was provided the defendant husband should pay a total sum of $180 per month, $90 each for the maintenance and support of the wife and child. The wife was given custody of the child and the right to live anywhere within the State of New York, with the husband to have the right of visitation at specified periods. It was provided, in the event a decree of divorce was obtained by either party, that the terms of the agreement should continue and not be affected thereby, and should not be merged in any such decree. The parties expressly agreed that no modification or waiver of any of the terms of the agreement should be valid unless in writing and executed with the same formality as the agreement. The husband obtained a bilateral Mexican decree of divorce dated July 28, 1962. Portions of the separation agreement were incorporated by reference, but it was specifically provided that such agreement was not merged in the decree.

Both parties complied fully with the terms of the separation agreement until July, 1964, when plaintiff wife went to Nairobi, East Africa, as an employee of the Commission on Ecumenical Mission and Relations of the United Presbyterian Church in the United States of America. Plaintiff took the child with her. Plaintiff returned to New York in August, 1967, at which time defendant resumed payments as agreed, no payments having been made in the interval while plaintiff was abroad.

In this action plaintiff seeks to recover the sum of the omitted payments. The complaint contains two causes of action. The first cause is to recover for breach of the obligation to make payments as provided in the separation agreement. The second cause is based upon defendant's breach of that obligation pursuant to the Mexican divorce decree.

Defendant concedes that the payments claimed were not made. He pleads as an affirmative defense to both causes the residence of plaintiff without the State of New York in violation of his visitation rights as set forth in the separation agreement. Plaintiff urges that defendant was apprised of the proposed trip to Kenya, that there was discussion of the matter and that he raised no objection. It is not asserted that defendant consented orally or in writing. The Civil Court granted summary judgment to plaintiff on the second cause of action, which judgment was affirmed by the Appellate Term. We granted leave to defendant to appeal.

The question to be resolved is whether, under the facts here present, the provisions for support and visitation are dependent or independent. Or, to pose the issue differently, does plaintiff's violation of the visitation provision preclude recovery of unpaid support payments where the agreement containing such covenants was not merged in a later divorce decree.

The trial court properly refused to grant judgment on plaintiff's first cause of action based upon the obligations contained in the separation agreement (*Duryea* v. *Bliven*, 122 N. Y. 567; *Borax* v. *Borax*, 4 N Y 2d 113).

It is our view, however, that the judgment appealed from must be reversed on the law and the complaint dismissed because the separation agreement survived the decree and the provision for visitation rights and the support provision are dependent. There is no claim here of fraud or duress. The parties had legal capacity to contract, and the objective sought to be obtained by the agreement was not illegal. The agreement, so long as it subsisted, was valid (*Galusha* v. *Galusha*, 116 N. Y. 635). Nor does it appear that plaintiff is in danger of becoming a public charge, or that, notwithstanding the payments called for, she is actually unable to support herself. The separation agreement constituted a valid and binding contract between the parties and " the entry of a decree of divorce alone is insufficient to vary or modify the contractual obligations of the parties " (*Hettich* v. *Hettich*, 304 N. Y. 8, 14; *McMains* v. *McMains*, 15 N Y 2d 283).

The Mexican decree of divorce, recognized here as a matter of comity, noted that the child would remain with the mother, " having [sic] the father the right of visitations, as per Separation Agreement ", and stated further that such agreement, while incorporated by reference, remained in full force and effect without merger. Such agreement required any modification or waiver of its terms to be in writing in order to be valid. There is no such writing before us.

The order of the Appellate Term and the judgment of the Civil Court should be reversed, on the law, plaintiff's cross motion for summary judgment denied, defendant's motion for summary judgment should be granted and the complaint dismissed, with costs and disbursements to defendant. Defendant-appellant shall recover of plaintiff-respondent $50 costs and disbursements of this appeal.

CAPOZZOLI, KUPFERMAN, MURPHY and STEUER, JJ., concur.

Order, Appellate Term, First Department, entered on May 17, 1971, and judgment of Civil Court of the City of New York, New York County, entered on May 12, 1970, unanimously reversed, on the law, plaintiff's cross motion for summary judgment denied, and defendant's motion for summary judgment granted and the complaint dismissed, with costs and disbursements to defendant. Defendant-appellant shall recover of plaintiff-respondent $50 costs and disbursements of this appeal.