■ Nancy K. Feuer, Respondent, v Myrone C. Feuer, Appellant.— Order entered in the Supreme Court, New York County, on September 26, 1975 which referred the issue of custody of the parties' children to a special referee to hear and report and directed defendant father to continue to pay plaintiff mother for the support of the two children residing with her and

permitted one of the children to remain in the father's custody in the interim, modified, on the law and the facts and in the interest of justice, so as to provide for a discontinuance of support payments of the children unless they are returned to New York and an opportunity afforded to the father to resume his visitation privileges and to direct an expeditious hearing of the issues and, as thus modified, affirmed, without costs or disbursements. The parties were divorced in November, 1974. Plaintiff mother was granted custody of the parties' three children, subject to detailed, specific visitation rights of the father who was to pay $102.56 weekly for the support of each child. The instant application seeks a change of custody from the mother to the father and related relief. A previous application by the father to punish the plaintiff for contempt for failure to permit visitation of the children, was denied by this court, without prejudice to a renewal (46 AD2d 610). Plaintiff has not denied that she improperly removed the children to the State of Rhode Island in contravention of the father's visitation rights promulgated in the divorce decree. The father's right to see his children is tied into his decreed obligation to pay for their support. *(Duryea v Bliven,* 122 NY 567; *Muth v Wuest,* 76 App Div 332.) The Court of Appeals so noted more recently in *Borax v Borax* (4 NY2d 113, 116). And to the same effect are the decisions in *Goldner v Goldner* (284 App Div 961) and *Abraham v Abraham* (28 AD2d 864). Plaintiff should not be permitted to enjoy the benefits of the divorce decree and, at the same time, frustrate its provisions granting the father the natural and most important right to see his minor children. In this proceeding the first and paramount concern of the court is and must be the welfare and the interests of the children (Domestic Relations Law, § 70; *Obey v Degling,* 37 NY2d 768 and cases therein cited). Generally, a determination of the custody issue should be made only after a full and plenary hearing and inquiry. *(Obey v Degling, supra; Bowman v Bowman,* 19 AD2d 857.) Concur—Stevens, P. J., Lupiano, Lane and Nunez, JJ.; Kupferman, J., dissents in part in the following memorandum: Kupferman, J. (dissenting in part). I would go further and grant to the father temporary custody of the two children in question pending the hearing directed by the court. There is no question raised as to the father's competence. He has remarried and has already been awarded temporary custody of the oldest child who sought him out away from her mother. There is no opposing affidavit from the mother on this application (except for her attorney's affidavit asking for a hearing), and it appears that she simply flouts the court's direction for visitation. The "expeditious hearing" directed by this court may well be illusory in view of the lack of court resources to cope with snowballing matrimonial actions. (See Recent Developments in Family Law, Foster & Freed, NYLJ, Oct 31, 1975, p 1, col 1.) The onus pending a hearing should be on the mother in this matter. Settle order on notice.