■ MARCIA L. COHEN, Respondent, v MELVIN COHEN, Appellant.—Order and judgment (one paper), Supreme Court, New York County, entered September 13, 1976, which, inter alia, granted plaintiff's motion and amended a judgment of divorce dated April 27, 1976 to allow the plaintiff to reside in Florida with the infant issue of the marriage, reversed, on the law and the facts and in the exercise of discretion, without costs or disbursements, and the matter remanded for a hearing in accordance with our memorandum decision on condition that the defendant continue to remain current in payments of alimony and child support, and that the defendant pay the expenses of the plaintiff to attend the hearing to be held. Pursuant to stipulations entered into between the parties at the time of the entry of the judgment of divorce, custody of the infant issue of the marriage was entrusted to the mother, with visitation afforded to the father. The mother made application for permission to move permanently to Florida with her child, noting that the father had not exercised his visitation privileges. While the father concededly did not exercise visitation privileges, it appears that the child is presently staying in Florida at an address not made available to the father. Furthermore, the father alleges that the mother is not entitled to any payments of alimony or child support in view of her breach of the stipulation allowing visitation privileges to the father. The record in this case does not reveal whether there is a necessity of the mother's relocation to Florida, nor does it demonstrate whether moving to Florida is in the best interest of the child. Furthermore, if the mother is in violation of the stipulations, her right to any alimony and support payments also comes into question (Callender v Callender, 37 AD2d 360). We have

accordingly remanded this matter for a hearing to determine these issues. Concur—Birns, Silverman and Lane, JJ.; Nunez, J., dissents and would affirm on the opinion of Shainswit, J.