■ MARSHALL P. DEUTSCH, Appellant, v ANNINA DEUTSCH, Respondent. —In a matrimonial action, plaintiff, the former husband, appeals: (1) from an order of the Supreme Court, Kings County, dated September 14, 1976, which granted the motion of defendant-respondent, the former wife, for a money judgment for arrears of alimony and for a counsel fee; and (2) from so much of a further order of the same court, dated October 21, 1976, as, upon reargument, adhered to the original determination. Appeal from the order dated September 14, 1976 dismissed as academic. That order was superseded by the order made upon reargument. Order dated October 21, 1976 affirmed insofar as appealed from. Defendant is awarded one bill of $50

costs and disbursements to cover both appeals. The parties herein were divorced pursuant to a judgment of the Supreme Court, Kings County, dated June 15, 1971. The judgment incorporated a written stipulation of the parties which provided that: (1) defendant would have custody of the two infant issue; (2) defendant would receive alimony and child support; and (3) defendant would not move more than 50 miles from Brooklyn without plaintiff's consent. In August, 1972, while recuperating from major surgery, including three separate hospitalizations, defendant took her son Norman and moved to Florida, whereupon plaintiff ceased making all payments of alimony and child support. Defendant commenced a proceeding for an upward modification of support for Norman. Plaintiff interposed, as a defense, the fact that defendant violated the terms of the judgment of divorce by moving to Florida without legal justification, which effectively deprived him of his right of visitation. The Family Court found that defendant had been justified in moving to Florida and this court affirmed, specifically holding that the " 'pressing concern' for her welfare" justified the move (Matter of Deutsch v Deutsch, 53 AD2d 861, 862; cf. Abraham v Abraham, 44 AD2d 675). Thereafter, defendant moved for an order directing the entry of a judgment for arrears of alimony pursuant to section 244 of the Domestic Relations Law and, again, plaintiff interposed the defense of defendant's violation of the judgment of divorce by her having moved to Florida without sufficient justification. Special Term granted defendant's motion stating that "the opinion of the Appellate Division in Deutsch v Deutsch [53 AD2d 861] supra, conclusively adjudicates that the defendant was justified in moving to Florida". We agree with Special Term that the affirmative finding of defendant's justification in moving to Florida by this court "was a finding essential to the judgment, from which the resolution of the ultimate legal issue necessarily followed" and "was a necessary step in arriving at the final judgment" (see Hinchey v Sellers, 7 NY2d 287, 293; see, also, Schwartz v Public Administrator of County of Bronx, 24 NY2d 65, 71). Accordingly, the doctrine of collateral estoppel forecloses plaintiff from relitigating defendant's lack of justification in moving to Florida in violation of the judgment of divorce, as a bar to the entry of a judgment for alimony arrears. Cohalan, J. P., Damiani, Rabin and Titone, JJ., concur.