OPINION OF THE COURT
Arthur E. Blyn, J.
Motion by plaintiff, brought on by order to show cause, seeks to vacate the default of August 24, 1978, set aside the decision rendered thereon by this court dated October 23, 1978 and for consideration of the application submitted on default on August 24, 1978 on the merits.
*559 Defendant had initially moved, inter alia, for leave to enter a money judgment against the plaintiff for arrears in alimony and child support. By decision/order dated March 23, 1978 this court referred to Trial Term, Part 7, the issue of the specific amount of arrears and held in abeyance its determination on the motion. The difficulty arose in that the referred issue did not reach the Special Referee but on the basis of a concession by the plaintiff that the sum of $10,000 had not been paid Mr. Justice Sutton entered an order to that effect on July 25, 1978 which order also referred the original application to this court for final disposition.
Some confusion apparently ensued as to whether the reference back to this court by Justice Sutton was self-executing. In any event, defendant moved, in effect, for final disposition of the original motion before this court which was submitted on default and resulted in the decision of October 23, 1978.
Because of the fact that the order of Justice Sutton was not self-executing to the extent of the reference to this court for final disposition, defendant’s motion for this court to finally determine the original application was not an unnecessary one as claimed by the plaintiff. In any event, the court finds that the plaintiff’s default was an excusable one, that there is merit to his opposition to the original enforcement motion and accordingly herewith recalls its decision of October 23, 1978, granted on default, and proceeds to decide that application on the merits.
There is no doubt that between the period of April 21, 1976 and March 28, 1978 the plaintiff fell in arrears in alimony and child support payments in the sum of $10,000. His defense to defendant’s motion to enter a money judgment for these arrears is predicated on a claimed willful denial of visitation rights. In fact, on a prior writ of habeas corpus brought by plaintiff, based upon a denial of his visitation rights, this court, in its decision of February 10, 1978, in sustaining the writ, stated:
"The court believes that the mother has not done anything to encourage the children to be available for the visitation schedule and perhaps has gone beyond passivity and played an active role in preventing the father from enjoying his visitation rights.
"The court further believes that the mother has not done anything to foster the relationship between the children and *560 their father and perhaps has gone beyond passivity and played an active role in tainting that relationship”.
Such finding, in this court’s opinion, establishes the factual premise for plaintiff’s defense to defendant’s claim for arrears that accrued during the time that his visitation rights were interfered with. The difficulty presented is whether the plaintiff is entitled to a suspension and/or cancellation of child support, alimony or both.
It is well settled that where provisions for alimony, child support and visitation are arrived at by agreement of the parties, and there is a subsequent unjustified denial of visitation rights by the mother-custodial parent, the father’s obligation to pay both alimony and child support may be suspended during the time that visitation rights are denied (Borax v Borax, 4 NY2d 113; Deutsch v Deutsch, 57 AD2d 941; Cohen v Cohen, 56 AD2d 784; Callender v Callender, 37 AD2d 360). The theory behind this principle is that the provision for visitation rights and the support provision are dependent. The rule would appear to be the same where the obligations are set by a court. (Feuer v Feuer, 50 AD2d 772; Abraham v Abraham, 44 AD2d 675.) At bar the provisions were arrived at by agreement (stipulation signed July 31, 1973 annexed to the order of Culkin, J., dated Aug. 21, 1973). The proof in the habeas corpus proceeding, which led this court to make the statements in its opinion hereinabove quoted, revealed unjustified denial of visitation rights from the spring of 1976 and thereafter (on the enforcement motion plaintiff claimed continued deprivation). This leaves as the remaining issue the effect, if any, of newly enacted section 241 of the Domestic Relations Law (L 1978, ch 232) which provides as follows: "When it appears to the satisfaction of the court that a custodial parent receiving alimony pursuant to an order, judgment or decree of a court of competent jurisdiction has wrongfully interfered with or withheld visitation rights provided by such order, judgment or decree, the court in its discretion, may suspend alimony payments or cancel any arrears that may have accrued during the time that visitation rights have been or are being interfered with or withheld”.
While initially the argument might be made that the statute has no applicability to situations where such provisions were arrived at by agreement, at bar the stipulation has no independent existence outside of the order entered thereon and must be considered to have merged therein. Accordingly *561 the statute is applicable. (See Callender v Callender, 37 AD2d 360, supra.)
The next problem posed is whether by enactment of the statute the Legislature intended to overrule those case law authorities that permitted a suspension or cancellation of the child support obligation upon a finding of an unjustified denial of visitation rights. Insofar as extrinsic aids to interpretation are concerned such as a legislative memorandum, the memorandum by the legislative sponsor of the bill and other documents that the court has obtained, the court finds no guidance. In fact as a result of such research the court finds that that statute may have been intended to codify the existing case law as to both child support and alimony. In fact however the Legislature codified "half a loaf’ and it is not clear as to whether it actually intended that the "half a loaf’ be alimony.
There is no doubt that prior to the enactment of section 241 of the Domestic Relations Law, that such remedy existed as to both alimony and child support.
This court is aware of the principle that the failure of the Legislature to include child support may be construed as an indication that its exclusion was intended (McKinney’s Cons Laws of NY, Book 1, Statutes, § 74) and is likewise aware that legislative inaction is a weak reed upon which to lean in determining legislative intent (Flanagan v Mt. Eden Gen. Hosp., 24 NY2d 427). It appears that the Legislature may not have been aware of the existing case law. The sponsor of the bill in the Assembly, in a letter to the counsel to the Governor, dated May 23, 1978, urging the Governor to sign the bill, stated that: "The proposed new section makes it clear that a custodial parent who violates an order, judgment or decree of a court with respect to visitation rights, may suffer an economic penalty. In effect, this is a codification of recent case law. Annexed for example, please see Nelson v Nelson, N.Y.L.J., 11/3/77, Supt. West. (Wood, Jr.)”.
Nelson v Nelson (NYU, Nov. 3, 1977, p 14, col 3) however dealt with the vacatur of all arrears of child support and suspension of current child support. The citation of a case involving child support in support of section 241 of the Domestic Relations Law dealing with alimony casts much doubt on the significance of any "legislative intent”.
The court therefore concludes that the omission of any reference to child support in section 241 of the Domestic Relations Law by the Legislature cannot be construed to *562 change the prior decisional law as to the cancellation of arrears or suspension of child support obligations in appropriate cases. Accordingly defendant’s motion to enter a money judgment for arrears is denied.
In view of the disposition the court denies defendant’s application for counsel fees.