OPINION OF THE COURT
M. Holt Meyer, J.
Respondent has made application to this court to cancel the child support and alimony arrears that have accrued under a Family Court order dated May 22, 1975. The basis for this application, which is made pursuant to section 241 of the Domestic Relations Law and section 458 of the Family Court Act, is that petitioner has wrongfully interfered with or withheld respondent’s visitation rights and in punishment of this alleged misconduct the court ought, in its discretion, to cancel all child support and alimony arrears.
On April 5, 1979, this court fixed the amount of arrears, without prejudice, at $8,460. On the same date, after determining that petitioner had received public assistance during part of the period when said arrears had accrued, and that the Commissioner of Social Services (Commissioner) would then have a claim against any award thereof, the court, on its own motion, joined the Commissioner as a party in these proceedings. Furthermore, it allocated $913 as due and owing to petitioner and the balance, $7,547, to the Commissioner.
The issues presently before the court are:
*167 1. whether petitioner has violated respondent’s visitation rights;
2. if so, whether such violation warrants the court’s exercise of discretion to cancel arrears, and
3. if the court should so exercise its discretion, whether, as a matter of law, it may cancel arrears payable to the Commissioner.
The court’s discretionary power to cancel alimony arrears "that may have accrued during the time that visitation rights have been or are being interfered with or withheld” (Domestic Relations Law, § 241) is strictly statutory. On the contrary, there is no statutory authority to suspend child support payments or cancel child support arrears due to a custodial parent’s violation of the other’s visitation rights. The traditional rule has been that the denial of visitation rights is no defense to an action for support and does not constitute a basis for excusing the noncustodial parent’s child support obligations. (Landes v Landes, 1 NY2d 358; E. R. v D. T., 77 Misc 2d 242.) However, recent cases have concluded that when the noncustodial parent has been deprived of his visitation rights the suspension of support payments applies to child support, as well as alimony. (Matter of Sandra B. v Charles B., 85 Misc 2d 633, 637; see, also, Feuer v Feuer, 50 AD2d 772; Abraham v Abraham, 44 AD2d 675; Callendar v Callendar, 37 AD2d 360; Nasti v Nasti, NYLJ, March 16, 1979, p 13, col 6; Hudson v Hudson, 97 Misc 2d 558.)
Accordingly, there is no question in this court’s mind that it has the authority to grant in full the relief sought by respondent’s instant application. In order to dispose of this matter properly, however, it is mandatory that there be a plenary hearing to determine precisely what visitation rights respondent has possessed, whether petitioner has violated these rights; if so, when and how she has violated them, and whether she has acted with or without good cause. To date, the issue of petitioner’s violation of respondent’s visitation rights has only been raised in papers submitted herein and in arguments by counsel.*
*168 Assuming the court makes a finding of a violation, which would serve as a basis for canceling arrears, the question still remains whether or not the court can, as a matter of law, cancel those arrears payable to the Commissioner.
It seems clear from the language of section 241 of the Domestic Relations Law and from its legislative history (Memorandum of State Executive Department, McKinney’s Session Laws of NY, 1978, p 1709) that the purpose of this section is to strengthen the court’s authority to control venal bickering between parties by providing the court with greater coercive and punitive power in order to secure compliance with its orders.
As to child support obligations, the same coercive and punitive purposes are readily apparent in the judicial suspension of such obligations. In a recent opinion of the Appellate Division (Second Department), a custodial parent had removed the subject children from the State, thus frustrating the other parent’s court-ordered visitation rights. In an attempt to force compliance with its directive that the custodial parent return to New York in order to afford the other his right to visitation, the Appellate Division stated: "Should defendant fail to abide with said directives, the plaintiff shall be relieved of his obligation to pay child support until such time as defendant returns to New York and resumes her residence with the children (cf. Borax v Borax, 4 NY2d 113, 116; Feuer v Feuer, 50 AD2d 772, 773; Abraham v Abraham, 44 AD2d 675).” (Strahl v Strahl, 66 AD2d 571, 579.) Inherent in this warning is a notice that penalties will be imposed for willful disobedience of the court’s mandates. (See, also, Shinouda v Shinouda, 96 Misc 2d 290.)
The purpose, therefore, of canceling either alimony or child support arrears can in no way be considered compensatory. The noncustodial parent is not viewed as an aggrieved party seeking an injury award, but one seeking to enforce his rights. For this reason, the court finds that it is precluded from canceling any arrears payable to the Commissioner. Since the Commissioner has not violated respondent’s visitation rights, he is not subject to punishment for said violation. Furthermore, withholding payment from the Commissioner would be totally ineffective in forcing petitioner to comply with an outstanding order of visitation. The only possible effect of such a cancellation would be to compensate respondent for his loss, *169 which has been shown not to be the intent of controlling statutory and decisional law.
Accordingly, it is ordered:
1. that respondent’s application to cancel alimony and child support arrears due and owing to the Commissioner of Social Services and now fixed, without prejudice, at $7,547 is dismissed; and
2. that on the issue of arrears due and owing to petitioner and now fixed, without prejudice, at $913 respondent shall make a motion on notice for a hearing, restricted to the questions outlined in the second paragraph on page 167 (supra); and
3. that said motion shall be made within 30 days of the entry of this order; and
4. that if said motion is not timely made, respondent’s application for cancellation of arrears payable to petitioner shall be dismissed on the adjourned date now set only for the final fixing of arrears and for the establishment of a reasonable liquidation rate; and, finally
5. that if said motion is timely made a hearing limited to the issue of canceling arrears payable to petitioner shall commence on the adjourned date.
Adjourned to August 9, 1979.

 Section 458 of the Family Court Act states: "The court, absent a showing of good cause, may not cancel any or all arrears of payments. The basis for cancellation of any or all arrears shall be set forth in writing in the court record or order of cancellation.” Therefore, the court is required to make a finding that good cause has been shown, in proof of which due process would demand that evidence be offered and testimony taken in an adversarial proceeding.