OPINION OF THE COURT
Ralph Diamond, J.
The matters before the court appear to be issues of first impression regarding (a) the powers of a Family Court Judge in a paternity proceeding to enforce an order of visitation, (b) proper procedure in processing an alleged violation of visitation in a paternity proceeding, and (c) may the court find a violation of a visitation order if no proof is offered of any negative act committed by the custodial parent.
HISTORY
The matter before the court is a paternity petition brought by Elwood E. Joye, the putative father. The respondent mother, Miriam Schechter, originally opposed an order of filiation naming the petitioner to be the father of the child, Carol Ann Schechter. The basis upon which she sought to dismiss the paternity petition was that the proceeding was barred by the Statute of Limitations, and further she was not seeking support from him. The court, in a decision dated January 14, 1982, ruled that subdivision (c) of section 517 of the Family Court Act was constitutional and further found that there was no merit in the mother’s application to dismiss based upon the fact that she was not seeking support, and there was no likelihood that she would become a public charge. (Joye v Schechter, 112 Misc 2d 172; Matter of Kordek v Wood, 90 AD2d 209.) The court ordered a blood-grouping test. The blood-grouping test was taken and the test results indicated that it was 99.97% positive that the petitioner was the father of the child. The parties agreed that if the respondent did consent to an order of filiation, that the court would treat any future matter regarding visitation as if it was a custody petition before the court. The mother did consent to an order of filiation and then the court granted an order of filiation and ordered the matter be set down for examination of all of the parties including the petitioner’s ex-wife. The reports from the Probation Department including the *405 psychiatric and psychological examinations of all of the parties were received and shown to the attorneys for the parties and the Law Guardian. The respondent mother opposed the recommendation by probation that the father be given visitation. A trial was held to determine whether or not the petitioner father should or should not have visitation with the child.
At the conclusion of the trial, the court found that the petitioner father is a fit father and that it would be in the child’s best interest to visit with the father. It further found that the child does need counselling in order to have an orderly restoration of visitation. In its decision, which was orally delivered in the presence of both parties, the court stated the following: “The court firmly hopes that the respondent mother, whom this court found to be an intelligent and deeply concerned mother, will, as she has testified, cooperate with any order that the court would make in this matter”.
Based upon its decision, the court on November 16,1982, ordered visitation and directed the parties to co-operate with the Nassau County Probation Department for counselling at the Long Island Jewish-Hillside Medical Center. The court further, on that same date, ordered the support issue to be heard by a hearing examiner.
PRESENT MATTERS BEFORE THE COURT
The petitioner father has filed a violation petition against the respondent mother based upon his failure to obtain visitation with his daughter as set forth in the order of this court. The other matter before the court is the issue of support of the child. The support matter, prior to any hearing before a hearing examiner, was restored to the court’s calendar due to the filing of the violation petition by the petitioner father. A trial on these issues was heard by the court.
FACTS
The testimony of the parties during the trial reveals that the basic facts are not in dispute. It is not disputed that each Wednesday for a period of approximately 13 weeks, pursuant to an order of this court, the petitioner father arrived at the mother’s home for the purpose of having *406 visitation with his daughter. The mother opened the outer door and announced to her daughter that he is here for visitation. She called out words to the effect that your father is here, come here and speak to him. The child responded with words indicating that she did not want to see him and that she hated him. All these conversations were taped by the mother in anticipation of a possible trial. The child discovered that the mother was taping these conversations. The father never had any visitation with his daughter.
The testimony further showed that the mother did attend with her daughter, one session at the Long Island Jewish-Hillside Medical Center, as set forth in the court’s order. However, she failed to attend another session because she refused to take her daughter out of school to attend the session. No evidence was offered by either party as to the needs of the child or recommendations by the Long Island Jewish-Hillside Medical Center, to accomplish an orderly method of visitation.
In response to questions put to her by the court-appointed Law Guardian, Nicholas O’Shea, the mother stated the following: (a) she did anticipate that the child would refuse to visit with the father, (b) she does not think it is a healthy attitude for the child to hate anybody, (c) she has taken no steps by way of therapy or any other assistance to cure this attitude or change the child’s mind, (d) she further admits that she alone can do nothing to change the child’s attitude, and (e) she admits that she would like the father to leave her daughter alone so that the child can get on with her life.
respondent’s and petitioner’s arguments
The respondent’s attorney contends that the herein proceedings were improper because of lack of sufficient notice and because of a lack of knowledge of what the respondent was to defend against at the trial. He further argued that if the court did find in favor of the petitioner father, its powers were limited to the provisions of section 548 of the Family Court Act.
The respondent seeks a dismissal of the violation petition for the above reasons and because no proof has been *407 offered during the trial to prove that the mother did anything to prevent the child from visiting with the father. The attorney argues that the child’s feelings towards the father existed prior to the court’s visitation order and therefore unless proof is offered by the petitioner to show an act by the mother preventing visitation, the violation petition must be dismissed.
The petitioner contends that the mother willfully violated the order of the court and should, among other sanctions, be fined and sentenced to jail.
THE LAW — RE: PROCEDURE
The Family Court Act is silent as to the specific procedure to be followed in processing a violation petition. Section 165 of the Family Court Act does provide that in any proceedings not prescribed in the act “the civil practice law and rules shall apply to the extent that they are appropriate to the proceedings involved.” Furthermore, section 156 of the Family Court Act provides that the provisions of the Judiciary Law relating to civil and criminal contempts shall apply in considering a violation of an order of the Family Court. Article 19 of the Judiciary Law gives the court discretionary authority to determine how a contempt proceeding may be initiated. Subdivision (b) of section 651 of the Family Court Act provides that custody proceedings in the Family Court may be brought by habeas corpus, order to show cause or by petition.
In Matter of Schwartz v Schwartz (23 AD2d 204, 206) the court said that the CPLR “is to be used as a working tool and not as an impediment to the functioning of the Family Court.” (See Matter of Schleimer v Swann, 93 Misc 2d 520.)
court’s findings — re: procedure
The court is in total agreement with the ruling in Matter of Schwartz v Schwartz (supra). The unique function of the Family Court makes such a ruling necessary and finds further that the ruling should apply equally to the use of the Judiciary Law in setting forth proper procedures in the Family Court. The procedures should, as consistently as possible, conform to the spirit of the CPLR and the Judiciary Law without complexities and strict requirement of those laws, especially when the moving papers are pre *408 pared by the Intake Division of the Probation Department, an arm of the Family Court.
The court finds that the present matter before the court was brought in the form of a petition for violation of an order made by the Family Court. The petition bears the signature of the herein petitioner and is properly verified. The petition sets forth the alleged violation committed by the herein respondent and further indicates the order alleged to have been violated. When the matter appeared in court, the respondent was advised by the court, over the strong objections of her attorney, what some of the consequences might be if the court, after a hearing, found that she did violate the order of the court.
For the reasons stated above, the court finds that the procedures followed in these proceedings were proper and the respondent’s objections have no merit.
THE LAW — RE: POWERS IF VIOLATION FOUND
Section 511 of the Family Court Act provides that a court, after it makes a finding of paternity, shall consider support, and custody or visitation. The right to order custody or visitation is further set forth in section 549 of the Family Court Act.
The respondent argues that the Family Court is a court of limited jurisdiction and therefore its powers to enforce are limited to section 548 of the Family Court Act. Section 548 of article 5 (paternity) refers to parts 5 and 7 of article 4 (support) of the Family Court Act. A detailed study of these two parts reveal that they only apply to support and make no reference to custody or visitation. It is interesting to note that the respondent, prior to the issuance of an order of filiation, consented that this issue be treated as a custody proceeding.
The powers of the Judge to determine custody are set forth in section 651 of the Family Court Act and grant a Family Court Judge “the same powers possessed by the supreme court in addition to its own powers.”
court’s finding — re: powers if violation found
The court finds no merit in respondent’s argument that section 548 of the Family Court Act controls the *409 custody or visitation phase of a paternity proceeding. Furthermore, the court finds that it has the same powers possessed by the Supreme Court in addition to its own powers as set forth in the Family Court Act.
Therefore, the court may, in any matter in which it finds a violation of an order of custody or visitation, order (a) monetary fine, (b) jail sentence, (c) transfer custody, (d) deny child support, (e) deny maintenance, (f) issue an order of protection (Family Ct Act, § 551), (g) place parties on probation service (Family Ct Act, § 252), (h) direct the filing of a neglect petition (Family Ct Act, § 511), and (i) any other reasonable term or condition to gain enforcement of the visitation order of the court. (See Berkman v Berkman, 57 AD2d 542; Matter of Marciano v Marciano, 56 AD2d 735; Matter of Doe v Doe, 86 Misc 2d 194; Hudson v Hudson, 97 Misc 2d 558; Matter of Ernest Y., NYLJ, March 8, 1983, p 15, col 1.)
THE LAW — RE: CUSTODIAN’S DUTY AND RESPONSIBILITIES
The critical issue before the court is to determine the duties and responsibilities of the custodial parent to enforce a visitation order of a court. The court has been unable to find any case where a court has specifically addressed itself to that issue. However, it has found some guidelines in the reported cases to aid the court in making its findings.
The Appellate Division, Second Department, in Berkman v Berkman (supra), sustained a finding of contempt on the basis “that she failed to institute appropriate measures to gain the co-operation of the children in visiting with their father.” The court, in that case, did eliminate the imposition of a jail sentence because under the facts of the case, a jail sentence would serve no purpose.
The court in Hudson v Hudson (supra, pp 559-560) stated the following:
“ ‘The court believes that the mother has not done anything to encourage the children to be available for the visitation schedule and perhaps has gone beyond passivity and played an active role in preventing the father from enjoying his visitation rights.
*410 “ ‘The court further believes that the mother has not done anything to foster the relationship between the children and their father and perhaps has gone beyond passivity and played an active role in tainting that relationship’.”
The court went on to find that the above findings established the factual premise for the father’s defense to the mother’s claim for arrears that accrued during the time that his visitation rights were interfered with.
court’s finding — re: custodian’s duty
AND RESPONSIBILITIES
In each of the cases cited above, the court ruled that some affirmative action by the mother was required. The respondent argues that unless .proof is presented that she committed a negative act, the court may not find her in violation of the court’s visitation order.
The court finds that no hard, fast rule defining the custodian’s duties and responsibilities can or should be devised. Those duties and responsibilities must be determined on a case-by-case basis. However, it is clear that the law, at a minimum, requires a custodian to do something to encourage and to foster the relationship between the child and the noncustodial parent to aid in gaining visitation. A custodian may not simply remain mute and passive and in so doing impede the visitation order of the court.
The noncustodian parent who files a violation of visitation petition has the burden of proof that a violation of visitation rights has actually taken place. The petitioner must prove that visitation was attempted, that visitation never materialized and the deprivation of visitation did not result from any wrongful act of the petitioner. The burden of proof remains with the petitioner throughout the entire trial. However, once having met that burden, it is the responsibility of the custodian parent to go forward by explaining (if no visitation has taken place) why not, and what measures, if any, the respondent parent has taken to help enforce the court’s visitation order. This is essential because the activities and conversations between the child and sole custodian parent in almost every custody proceeding, are known to that parent and the child, and not the *411 petitioner. This is especially true when a child’s mind has been poisoned against visitation prior to the issuance of an order of visitation.
The court, at the time it issued the herein visitation order, found that the respondent mother, without any justification, had poisoned the child’s mind against visitation with the petitioner father and that the child did need therapy to accomplish an orderly visitation. The court also found that it would be in the best interest of the child to have visitation with her father.
The court rejects the argument that it may not find the mother to be in violation unless the petitioner proves negative action on her part. The law does require at least minimum effort on her part to accomplish visitation with the child’s father. He has presented sufficient proof of a violation, if the court finds she failed to meet the minimum. Furthermore, the court finds that she has failed to bring the child to therapy as ordered by the court because she felt that the child’s attendance elsewhere was more important.
The court finds that by her own testimony she admits that the child, prior to the court’s order of visitation, refused to visit with her father. She concedes that it is unhealthy for her child to hate anyone. Nevertheless, she admits that she has taken no steps to cure the child’s hatred or change the child’s mind despite her further admission that without outside assistance she cannot effect a change. Most important, is the mother’s admission that she would like the father to leave her daughter alone so that the child can get on with her life. It therefore is obvious to the court that the mother’s attitude against visitation is as strong today as it was when the court issued its original visitation order.
In summary, the court finds that the mother has done nothing to encourage visitation or to foster a better relationship between the child and her father. She has failed to take any steps to cure the hate that has been instilled in the child. The court further finds that the mother’s admitted strong persistent anti visitation attitude is proof that she, in the future, will not voluntarily encourage visitation *412 and most likely she does or says things to the child which tend to continue or perhaps increase the child’s hatred for the father.
CONCLUSIONS
The court, therefore, makes the following conclusions:
(a) that the respondent mother is in violation of the court’s visitation order dated November 16, 1982,
(b) that no child support is ordered at this time without prejudice to the mother to petition the court for said child support, if, as, and when the father gains visitation,
(c) that the present order of visitation need be modified in order to accomplish a more orderly visitation and to more specifically set forth the duties and responsibilities of the parents,
(d) that the parties and the child be placed under the supervision of the Probation Department of the County of Nassau,
(e) that considering the factors set forth in this decision and the record generally, the court denies counsel fees to each party (see Fontaine v Smielak, 92 AD2d 880),
(f) that the facts herein do not warrant a fine or a jail sentence, without prejudice against imposing such penalties in the event a further violation does take place.
ORDERS
The court having previously ordered an order of filiation dated April 20, 1982, an order of visitation dated November 16, 1982, and an order dated November 16, 1982 referring the issue of support to a hearing examiner, hereby makes the following order.
The support order referring the matter to a hearing examiner is hereby vacated and the court orders no child support at this time, without prejudice to the mother petitioning the court for child support payments, if, as, and when the father gains visitation.
This order combined with the herein orders of filiation and visitation is deemed to be a final order on the paternity petition presently before the court.
*413 The court issues a further order which supersedes the order of visitation dated November 16, 1982. It is hereby ordered, that the petitioner shall have unsupervised visitation with the child on each Wednesday from 3:30 p.m. to 8:30 p.m. away from respondent’s residence; and it is further ordered, that the father’s visitation is hereby suspended for the sole purpose of accomplishing an orderly resumption of visitation by means of the additional terms and conditions of this order. The visitation shall commence on June 1, 1983, or sooner as determined by the Probation Department, and it is further ordered, that the petitioner, respondent and the child are hereby placed on probation with the Probation Department of the County of Nassau, for a period of one year, directing the parents to abide by the following terms and conditions:
(1) the mother shall refrain from committing any act or saying anything directly or indirectly to the child which would discourage the child from visiting with the father;
(2) the mother shall encourage and institute other appropriate measures to gain the co-operation of the child in visiting with her father;
(3) the parents shall co-operate and participate in the program for family counselling and therapy conducted by Project Outreach or other suitable program as determined by probation;
(4) the parents shall co-operate in obtaining and accepting psychiatric and family counselling diagnosis and treatment of themselves and the child, if and as directed by probation. They shall further permit probation to obtain information from any person or agency from whom the parents or the child has or is receiving or was directed to receive treatment or counselling;
(5) the parents shall meet with probation alone and with the child when and where directed to do so by probation;
(6) the parents shall notify probation immediately of any change of residence of themselves or of the child.