■ CAROLE CYGIELMAN, Respondent, v LEO CYGIELMAN, Appellant. — Kane, J. Appeals (1) from a judgment of the Supreme Court at Special Term (Hughes, J.), entered April 2, 1984 in Ulster County, pursuant to an order granting plaintiff's motion for summary judgment, and (2) from an order of said court, entered April 2, 1984 in Ulster County, which denied defendant's motion to vacate the prior judgment.

The parties were married in 1964 and have one child. In 1969, the parties entered into a separation agreement which provided that plaintiff would have custody of the infant and that defendant would pay plaintiff $150 per week for her maintenance and $50 per week for child support. The agreement also contained a covenant against molestation. In 1972, the parties were granted a judgment of divorce which incorporated the separation agreement.

In 1983, plaintiff commenced the instant action seeking (1) payment of maintenance arrears in the amount of $10,650 and (2) payment of $2,735.30 in medical expenses. In due course, plaintiff moved for summary judgment. Defendant's opposition papers were not timely served and therefore, Special Term granted plaintiff summary judgment by default in the amount of $13,385.30.

After his first motion to vacate was denied without prejudice, defendant again moved to vacate his default on the summary judgment decision. Special Term denied defendant's motion, holding that while defendant's delay was excusable, he had not demonstrated a meritorious defense. These appeals ensued.

Initially, we dismiss defendant's appeal from the default judgment, as a party may not appeal from such a judgment (*see,* CPLR 5511; *Zaldin v Kiamesha Concord,* 78 AD2d 744).

Accordingly, we turn to Special Term's order denying defendant's motion to vacate the default judgment. As noted above, Special Term found that defendant's brief delay was excusable. The only issue, therefore, is whether defendant presented a meritorious defense.

In regard to his maintenance obligation under the separation agreement, defendant asserts that such obligation was dependent upon plaintiff's compliance with the agreement's provision against molestation. Defendant claims that plaintiff has substantially breached this provision of the agreement, thereby releasing him from his obligation to make maintenance payments. This contention is without merit.

It is well established that "a promise not to molest is an independent covenant in a separation agreement" (*Borax v Borax,* 4 NY2d 113, 115). Unlike the agreement in *Reybold v Reybold* (45 AD2d 263), the separation agreement herein contained no provision making the nonmolestation clause interdependent with defendant's obligation to pay maintenance to plaintiff. Accordingly, even if defendant's allegations of plaintiff's breach are true, he would still be obligated to pay maintenance pursuant to the separation agreement (*see, Borax v Borax, supra*).

Furthermore, contrary to defendant's assertion, his obligation to pay maintenance to plaintiff is unaffected by the change of custody of the parties' child from plaintiff to defendant (*see, Null v Null,* 68 AD2d 883). In this regard, we note that plaintiff has not sought arrears for child support. We have reviewed defendant's remaining contentions with respect to his obligation to pay the maintenance arrears and find them to be without merit.

The award of summary judgment also included $2,735.30 for plaintiff's medical expenses. In her complaint, plaintiff alleged that due to defendant's failure to maintain major medical coverage, as required by the separation agreement, she became personally obligated to pay the above medical expenses. Plaintiff, however, submitted no proof of her allegation or her claimed medical expenses. Defendant, on the other hand, maintains that he has at all times fulfilled his obligation to provide major medical insurance. Defendant has thus demonstrated a meritorious defense to plaintiff's claim for reimbursement of medical expenses. Given that defendant has shown an excusable delay and a meritorious defense on this issue, the default judgment

with respect to the $2,735.30 in medical expenses should have been vacated.

Order modified, on the law and the facts, without costs, by reversing so much thereof as denied defendant's motion to vacate the default judgment with respect to the $2,735.30 award for medical expenses; motion granted to that extent; and, as so modified, affirmed.

Appeal from judgment dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.