■ In the Matter of THEODORA REICHLE, on Behalf of GREGG PERNA and Others, Respondent, v ANTHONY PERNA, Appellant. (Proceeding No. 1.) In the Matter of ANTHONY PERNA, Appellant, v THEODORA REICHLE, Respondent. (Proceeding No. 2.)—In a proceeding for the enforcement of the support provisions of a judgment of divorce (proceeding No. 1), and a proceeding for the downward modification of those support provisions, and additional visitation (proceeding No. 2), the father, Anthony Perna, appeals from stated portions of an order of the Family Court, Suffolk County (Campbell, J.), entered August 17, 1984, which, after a hearing, inter alia, (1) reduced his support from $250 a week for the three children to only $200 a week, retroactive to December 30, 1983, (2) fixed arrears due the mother at $14,210 as of August 17, 1984, (3) granted him limited additional visitation with the youngest

child, and (4) failed to direct that all of the parties participate in counseling.

Order affirmed, insofar as appealed from, with costs.

The mother commenced proceeding No. 1, seeking enforcement of the support provisions of a November 1981 judgment of divorce which incorporated the parties' July 1980 separation agreement. It is undisputed that the separation agreement provided that the father pay $250 a week child support for the three children of the marriage. At the time of the hearing, the eldest son, Gregg, was 18 years old, the daughter, Tracy, was 15 years old, and the youngest child, Jean, was 10 years old.

After the parties executed the separation agreement, the father paid the full $250 in weekly child support. In March 1982 the father decreased his weekly payments to $180 a week, and in October 1983 further reduced these to $140 a week. The mother then commenced proceeding No. 1, and in November 1983 the father stopped making the weekly payments. Thereafter, the father interposed a counterpetition seeking a reduction in child support from $250 per week to $140 a week, and for additional visitation on certain holidays.

Contrary to the father's contentions on this appeal, the record supports the hearing court's finding that the mother did not discourage or interfere with the visitation, which apparently became a problem when the father reduced and finally cut off the weekly child support payments (see, e.g., Villano v Villano, 98 Misc 2d 774, 781; cf. Matter of South Carolina Dept. of Social Servs. v James C. D., 119 Misc 2d 649; Joye v Schechter, 118 Misc 2d 403). Additionally, we find no basis to conclude that the hearing court erred in not ordering counseling for the parties or more extended visitation in order to deal with the visitation problem. We agree with the hearing court's finding that the father's conduct in reducing and then terminating the support payments precipitated the visitation crisis, and that the mother had no part in changing the attitude of the children towards their father. Significantly, as pointed out in the hearing court's memorandum decision and order, the father "acknowledged his poor judgment in using the children as a conduit to deliver the support money to their mother". Thus, the children were made aware of the problems regarding the child support payments by the father's actions, rather than, as argued by the father, by the mother's "poisoning" the minds of the children (cf. Berkman v Berkman, 57 AD2d 542).

We also find no merit to the father's remaining contentions. Lazer, J. P., Thompson, Weinstein and Eiber, JJ., concur.