*294 Order, Supreme Court, New York County (Laura VisitacionLewis J.), entered on or about July 18, 2007, which insofar as appealed from as limited by the briefs, granted plaintiffs cross motion for termination of defendant’s use of plaintiffs vacation home previously granted to him in a stipulation settling the parties’ divorce action and incorporated but not merged into their divorce judgment, an order of protection, and attorney’s fees incurred obtaining the protective order, and supplemental order, same court and Justice, entered on or about October 26, 2007, which ordered defendant to pay plaintiff $12,500 in counsel fees, unanimously affirmed, with costs.
In general, the law is well established that “a promise not to molest is an independent covenant in a separation agreement” (Borax v Borax, 4 NY2d 113, 115 [1958]). As a result, courts have found that even where former spouses have violated no-molestation clauses, they must continue to receive benefits, such as maintenance, under settlement stipulations containing such clauses (see Cygielman v Cygielman, 111 AD2d 1057, 1058 [1985]). Under the particular circumstances of this case, however, principles of equity, rather than of law, compel us to find that defendant’s egregious behavior toward plaintiff has operated to impose a forfeiture of defendant’s rights under the parties’ settlement stipulation. Thus, we find here that, in contrast to those cases where a party was entitled to continue receiving certain benefits under an agreement despite his or her violation of a no-molestation clause, defendant, by reason of his behavior toward plaintiff, has forfeited his right to the unusually generous and extraordinary condition allowing him to share living quarters with his former spouse.
Defendant’s objection to the absence of a hearing on the award of counsel fees has been waived by his failure to request a hearing, upon submission of his papers or at any other time (see Winter v Winter, 50 AD3d 431, 432 [2008]; Wasserman v Eisenberg, 309 AD2d 709 [2003]). Concur—Lippman, P.J., Sweeny, Catterson, Acosta and Renwick, JJ.